### NOWATA COUNTY GAS CO. v. STATE et al.

No. 9799—Opinion Filed Dec. 17, 1918.

Rehearing Denied January 21, 1919.

Second Petition for Rehearing Denied

March 25, 1919.

(177 Pac. 618.)

(Syllabus.)

**Gas — Order of Corporation Commission — Discount of Bills—Review.**

Where a gas company is required by order of the Corporation Commission to furnish an adequate supply of gas for domestic consumption and is allowed to charge the public a maximum rate which is based upon the adequacy of the service rendered as well as upon the quantity of gas furnished, and it is subsequently shown that this degree of efficiency is not sustained by the company during certain winter months, the Corporation Commission has power to make an order requiring the company to discount its bills rendered for such months a certain per cent. for the purpose of apportioning the maximum rate allowed according to the efficiency of the service rendered, as well as to the quantity of gas furnished, where it is practicable to do so; and where it appears from the findings of fact of the commission, which are conceded to be correct, that the discount ordered bears a fair relation to the falling off in service, such order will not be disturbed on appeal.

Appeal from Corporation Commission.

Proceeding before the Corporation Commission by R. C. Cauthorn, Commissioner of Public Welfare of the City of Nowata, against the Nowata County Gas Company. From the Commission's order, the Nowata County Gas Company appeals. Order affirmed.

Chas. A. Loomis and Henshaw & Hough, for plaintiff in error.

S. P. Freeling, for defendants in error.

KANE, J. This was an appeal from an order of the Corporation Commission entered in a proceeding commenced before that body by R. C. Cauthorn, commissioner of public welfare of the city of Nowata, wherein it was charged in substance that during the cold weather of December, 1917, and January, 1918, the appellant failed, neglected, and refused to supply its patrons at that place with an adequate supply of gas; that the statements for these months were larger than customary and excessive, and larger in several instances than the amounts would have been had the supply been adequate and the pressure sufficient. The complaint also intimates that the meter readings were inaccurate, and that the defendant failed to deduct anything from its regular maximum rate for inadequate service rendered or excessive charges made during these months. The complaint concludes with the prayer that these conditions be investigated, "so that the consumer will not longer be forced to pay for gas in excess of the benefits received."

After a full hearing of the matters complained of, the commission ordered:

"That the Nowata County Gas Company shall discount all bills for gas furnished to domestic consumers of the City of Nowata for the month of December, 1917, 16 per cent. and all bills rendered for the month of January, 1918, 17 1-2 per cent. The penalty of 10 per cent. provided by the rules of the company for the bills not paid within ten days from date of bill, shall not begin to run until after February 18, 1918, or ten days after the date of this order."

It is contended by the plaintiff that this order is erroneous for the following reasons:

"1. The commission is not authorized to penalize the defendant gas company in the nature of reduction of bills or otherwise because of the alleged inadequate value of the use of the gas delivered to the consumers.

"2. The commission is not authorized by law to discount the bills of the defendant gas company when same are ascertained by measurement through standard meters in the manner prescribed by the rules and regulations of the commission and by law.

"3. The commission is without authority in any way to adjudicate a past event, but its authority is confined strictly to enforcing its own orders. It cannot invade the jurisdiction of courts of law or equity in determining the equitable or legal rights between corporations and individuals, except as specifically authorized by law."

After stating these grounds for reversal as above in their brief, counsel for appellant continues as follows:

"There is no real controversy in this case as to the material facts, inasmuch as we are willing to accept the findings of fact of

the commission on all matters material to the issues herein."

In view of this statement, in considering the question presented for review we will assume that the findings of fact of the commission are correct and are supported by sufficient evidence. If, with this as a starting point, it cannot be said, in the light of these findings, that the order of the commission is unreasonable and unjust, of course it must be affirmed.

The commission found that the company did not meet the requirements of its franchise, nor comply with the orders of the commission requiring it to furnish an adequate supply of gas for domestic consumption during the months complained of, and that it does not appear from the evidence that it will be possible for it to do so in the future under similar circumstances.

In view of this the commission finds that:

"The patrons of the company should take due notice of this situation and should be apprised of the fact that the only sure way to avoid a repetition of the inconvenience and suffering endured during the present winter is to provide a substitute fuel and substitute heating equipment for such emergencies as have arisen during the present winter. More than the usual expenditure has been necessary upon the part of the gas company to furnish service at Nowata; probably equally heavy expenditures have been made by the gas consumers in preparing to use the service; but, under the facts as they exist and the circumstances which will probably arise in the future, neither the gas company nor the consumers should be expected to assume all the disappointment and loss resulting from poor service. Therefore patrons should equip their homes for emergencies when it will be impossible for the gas company to give adequate service, and the gas company should be held to collections of bills for only such service as it may be able to render. However great the hardship this may be upon the gas company, it is one of the burdens it assumes when it goes into the business of supplying gas and is granted a franchise which gives it a monopoly of the gas-supplying business in a city."

After further discussion along this line, the finding of the commission continues:

"Testimony before the commission would indicate that under ordinary conditions a reasonable amount of service can be secured from gas with a four-ounce pressure or better; and the commission holds that in order to give reasonable service four ounces is the minimum pressure that a company distributing may furnish, that a three-ounce pressure provides only 75 per cent. reasonable service,

a two-ounce pressure only 50 per cent. reasonable service, and a one-ounce pressure only 25 per cent. reasonable service for the length of time each service is maintained. Less than one ounce pressure will not be recognized by the commission as service at all or as of being of any value to the consumer."

The commission further held that an equitable distribution of the losses arising from poor and inadequate service, as between the gas company and a consumer, could be arrived at by discounting the bills for service rendered each month upon the basis above indicated, i. e.: That no charge shall be made for any gas furnished when the pressure is below one ounce; that between one ounce and two ounces pressure shall be considered 25 per cent. efficient, and gas furnished within this range of pressure shall be charged for at 25 per cent. of the maximum schedule rate; that between two ounces and three ounces pressure shall be considered 50 per cent. of the maximum schedule rate; that between three and four ounces pressure shall be considered 75 per cent. efficient, and gas charged for at 75 per cent. of the schedule rate; that four ounces pressure or above shall be considered 100 per cent. efficient, and the gas thus furnished shall be charged for at the maximum schedule rate.

Then, after quite extended computation based upon the evidence, the commission arrived at the conclusion stated in the order hereinbefore set out.

As we understand the order of the commission it proceeds upon the theory that, inasmuch as the maximum compensation of the gas company is allowed upon the basis of adequate service, where the service is not kept up to this standard the rate charged the public should be graded in proportion to the falling off in efficiency. On the other hand, it seems to be the contention of the gas company that it is entitled to pay at the maximum rate for the quantity of gas furnished, regardless of the efficiency of the service rendered the public. We think the rule announced by the Corporation Commission is entirely just and reasonable, provided a practical basis for its application can be established, and we see no insuperable barrier in the way of doing this. In the case at bar, the Corporation Commission, it seems to us, have correctly solved the problem by the adoption of, what may be called, the efficiency table hereinbefore set out, and basing the proportion of the maximum rate the company may justly collect from the public upon the quality of the service rendered as

well as upon the quantity of gas furnished. As it is conceded by counsel that' this efficiency table and the computation of the commission based thereon are correct, we are not prepared to say, in view of the constitutional presumption to the contrary, that the conclusion reached by the commission in its order is unreasonable or unjust, or that it is unsupported by the evidence.

What we have said above is decisive of the first two assignments of error and partially disposes of the third. The third assignment of error seems to be based upon the theory that, inasmuch as the gas company was operating under a fixed maximum rate during the months complained of, the Corporation Commission was without power to in any way affect or change this rate by the order made.

The commission, as we have seen, proceeded upon the theory that the maximum rate allowed was based upon 100 per cent. efficiency, and that the reduction ordered was not for the purpose of changing the maximum rate for efficient service, but merely for the purpose of apportioning it according to the efficiency of the service rendered, as shown by the evidence and the efficiency scale adopted by the commission. Taking this view of the matter, we think the order is unassailable on the ground urged.

We have examined the cases cited by counsel for appellant in their brief, and do not deem them to be in point. In one of these cases the federal court held to be unreasonable an order by the commission of the state of Washington requiring a railway company to furnish cars and seats for the thousands. of people who flocked to certain parks and beaches on summer afternoons, before it could collect fares from those who were not furnished with seats. Public Service Commission v. Puget Sound T. L. & P. Co.. P. U. R. 1915B, 799. In another, it was held by the Public Utilities Commission of Maine that crowded cars during rush hours do not necessarily indicate inadequate service. Butler v L. A. & W. S. Ry. Co., P. U. R. 1916D. 25. In another, it was held that no satisfactory remedy has been devised for occasional overcrowding of railways during rush hours. City of Chula Vista v. San Diego & Southeastern R. Co., P. U. R. 1916C, p. 1. We are unable to perceive any analogy between these cases and the case at bar. In none of them was there any attempt to fix an efficiency scale for the purpose of adjusting the maximum rate to the quality of the service rendered, and perhaps in the adjustment of pas-

senger rates this would prove impracticable. The findings and the order appealed from undertake to do this in the matter of fixing gas rates, and there is no contention on the part of the defendant that the plan devised is not entirely practicable, or that the order made will prove unreasonably unremunerative or confiscatory.

For the reasons stated, the order appealed from is affirmed.

All the Justices concur.