## OKLAHOMA NATURAL GAS CO. v. STATE.

No. 11511—Opinion Filed June 2, 1925.

**Gas—Public Utilities—Refund to Consumers for Inadequate Service—Validity of Order.**

The syllabus in Oklahoma Natural Gas Company v. State et al., 78 Okla. 5, 188 Pac. 338, is hereby adopted as the syllabus in this case.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Appeal from order of Corporation Commission.

From an order of the Corporation Commission prescribing refund for natural gas service furnished by the Oklahoma Natural Gas Company and the Oklahoma Gas & Electric Company to domestic consumers in Oklahoma City, the Oklahoma Natural Gas Company appeals. Affirmed.

Ames, Chambers, Lowe & Richardson for appellant.

E. S. Ratliff, for appellee.

Opinion by MAXEY, C. This is an appeal from an order of the Corporation Commission made on the 7th day of June, 1920, overruling the protest of the appellant to certain orders theretofore entered by the Corporation Commission.

The issues arise from certain orders of the Corporation Commission directing the refund to domestic consumers, in certain districts in Oklahoma City where, by said orders, the Corporation Commission fixes a schedule defining what is adequate service in supplying gas and what is inadequate service, and directing the appellant to conform to that schedule. The schedule is as follows: That 4 ounce pressure or better shall be considered the maximum adequate pressure, and that all gas distributors shall make proper reduction for insufficient service as follows:

(1) That during the time when pressure is below 4 ounces and not below 3 ounces to be considered 75% service.

(2) During the time when pressure is below 3 ounces and not below 2 ounces to be considered as 50% service.

(3) During the time when pressure is below 2 ounces and not below 1 ounce to be considered as 25% service.

(4) During the time when pressure is below 1 ounce to be considered of no service.

In this particular order appealed from, the Commission has followed the division of the city into districts in accordance with those designated by the gas companies, and from the testimony figured out what per cent. the consumers in each particular district shall be entitled to as a rebate for gas furnished during low pressure.

This trouble over low pressure gas started back some years ago, and the Commission began to work out an adjustment, until it finally adopted the plan above set out. Since the adoption of that plan several cases have reached this court. The first was the case of Nowata County Gas Company v. State

et' al., 72 Okla. 184, 177 Pac. 618, and the next one was the case of Oklahoma Natural Gas Co. v. State, 78 Okla. 5, 188 Pac. 338, The facts in the Nowata Case, supra, are somewhat similar to the facts in the instant case. In the case last cited the facts are practically identical with the case under consideration. After the case of Oklahoma Natural Gas Company was decided by this court, wherein it affirmed the order of the Corporation Commission, the parties to that case and the parties to this case agreed that the case now under consideration should remain in obeyance on the docket of this court until that case was decided by the Supreme Court of the United States, to which it had been appealed. That case was affirmed by the Supreme Court of the United States and is reported in 258 U. S. 234.

After that case was affirmed by the Supreme Court of the United States, the attorneys for appellant in this case applied to this court, where this case was then pending, for an order requiring the Corporation Commission to reopen the hearing in this case and permit them to introduce further testimony. That order was made and the Corporation Commission in obedience thereto reopened the case and permitted the appellant to introduce a large number of witnesses, who were principally expert witnesses on natural gas, and most of them testified at great length on natural gas and the conservation ·of natural gas. They define natural gas in volume, atmospheric pressure, and gauge pressure. These expert witnesses were evidently well informed as to natural ·gas, and some of them, in fact most of them, had been in the employ of different gas companies and mining companies for several years and were able to testify as to the different methods of handling gas, and their testimony was duly considered by the Corporation Commission before the entering of the order appealed from. While the testimony of these witnesses is interesting from a scientific standpoint, we do not consider it of very much value in determining the case before us. The testimony, like most expert testimony, is highly technical and based largely on experiments and conjectures, and is such that the average consumer of gas could not understand it, nor apply the methods suggested. One witness testified to overhauling his cook range so as to make it conform to the plans suggested by these experts and it cost him $100 to adjust his range so as to conform to the methods of handling gas given by these experts. So it will be seen that while the testimony is very scientific, it is absolutely impracticable

to apply it to the ordinary gas consumer. This was undoubtedly the view the Corporation Commission took of this testimony.

Counsel for appellant have assigned 7 errors, but argue them under two main heads:

(1) The facts and circumstances show the order is unjust and unreasonable.

(2) The Commission's order is violative of the Fourteenth Amendment to the Constitution of the United States in that it deprives the companies of their property without due process of law, and denies them the equal protection of the law.

Counsel for appellant have filed elaborate briefs, from their standpoint, and counsel for appellee has also ably briefed the case. But a careful examination of the case of Oklahoma Natural Gas Co. v. State, supra, and the case on appeal to the Supreme Court of the United States, supra, shows that both this court and the Supreme Court of the United States passed on both of these questions, and unless the expert testimony introduced in this case differentiates it from the former case. the decisions of this court and the Supreme Court of the United States are binding and controlling. This court, in Oklahoma Natural Gas Co. v. · State, supra, uses the following language in the body of the opinion:

"The question is whether there is evidence in the record to support the Corporation Commission's order. Findings of fact made by the Commission are by section 22, art. 9, of the Constitution, prima facie, just, reasonable, and correct. Atchison, T. & S. F. R. Co. v. State, 23 Okla. 510, 101 Pac. 262; Atchison, T. & S. F. R. Co. v. State, 23 Okla. 210, 100 Pac. 11, 21. L. R. A. (N. S.) 908; St. Louis & S. F. R. Co. v. Travelers' Corp. of Okla., 47 Okla. 374, 148 Pac. 166; Guthrie Gas, Light, Fuel & Imp. Co. v. Board of Ed., 64 Okla. 157, 166 Pac. 128; City of Pawhuska v. Pawhuska O. & G. Co., 64 Okla. 214, 166 Pac. 1058; Muskogee Gas & Elec. Co. v. State, 81 Okla. 176, 186 Pac. 730."

It will be observed that the Constitution of Oklahoma makes the findings of fact by the Commission prima facie, just, reasonable, and correct. The Commission found that equitable distribution of loss arising from poor and inadequate service, as between the gas companies and the consumers, could be arrived at by discounting the bills for service rendered each month on the basis outlined in said order, and after quite an extensive computation based upon the evidence, the Commission arrived at the con--

clusion stated in the order hereinbefore set out.

The record in this case shows that a great deal of testimony was taken by both parties to the suit. In fact, there is very little controversy as to the facts in the case, and we think the conclusions reached by the Corporation Commission are prima facie, just, reasonable, and correct. On the second proposition, wherein appellants complain that the findings of the Commission are violative of the Fourteenth Amendment of the Constitution of the United States, this question was passed on adversely to the contention of appellant in Oklahoma Natural Gas Co. v. State, supra, and also by the Supreme Court of the United States. So that question is settled. Those cases are binding on this court on that question. The record in the case is voluminous and the parties have filed voluminous briefs and we have carefully examined the record and briefs and have carefully read and considered the case of Oklahoma Natural Gas Co. v. State, supra, and the opinion of the Supreme Court of the United States in the same case, 258 U. S. 234, and have reached the conclusion that the additional facts in this case are not sufficient to overturn the findings of the Commission on these facts. We are, therefore of the opinion that the order of the Corporation Commission appealed from should, in all things, be confirmed, and so recommend.

By the Court: It is so ordered.