## SOUTHWESTERN NATURAL GAS CO. v. CHEROKEE PUBLIC SERVICE CO.

No. 22248.   Jan. 22, 1935.

Rehearing Denied May 21, 1935.

Poe, Lundy & Morgan and H. R. Duncan, for plaintiff in error.

G. E. Garner and Kelly Brown, for defendant in error.

RILEY, J. This is an appeal from an order awarding defendant in error, herein referred to as plaintiff, a peremptory writ of mandamus directed to plaintiff in error, herein referred to as defendant, commanding defendant to make, or permit a connection to be made, with and to a gas pipe line owned by defendant, and to supply plaintiff with natural gas through said pipe line connection for distribution by plain- tiff to the public in the cities of Muskogee and Wagoner, and to make or permit a like connection at a point near and convenient to the town of Jenks for distribution of natural gas by plaintiff to the public in the town of Jenks, and that such gas be furnished through such connections without interruption to service and without discrim- ination either for or against plaintiff. The matter of rates and other similar regula- tions was left to the Corporation Commis- sion. It appears that defendant, a corpora- tion organized under the laws of Delaware but licensed to do business in Oklahoma, constructed in 1930 a 16-inch gas line from the Quinton gas field in Pittsburg county through Creek county, Tulsa county, into Muskogee county to or near the limits of the city of Muskogee. The line runs near the town of Jenks in Tulsa county.

Plaintiff is the owner of a franchise and gas distribution system in the town of Jenks and the city of Wagoner, and was furnishing natural gas to consumers in said town and city. It was affiliated with the Municipal Gas Company, a public serv- ice corporation owning a franchise and dis- tribution system and furnishing gas to con- sumers in the city of Muskogee. Defendant had entered into a contract with Muskogee Natural Gas Company, a public service cor- poration, which also had a franchise and a gas distributing system in the city of Muskogee, and was furnishing natural gas to consumers in said city, to furnish and sell gas to said Muskogee Natural Gas Com- pany, and had connected its line with the lines of said company at or near the city limits of the city of Muskogee. On August 19, 1930, defendant wrote the Municipal Gas Company to the effect that its main line from the Quinton field to Muskogee would be completed by September 1st, and that it would then be in position to supply it, the Municipal Gas Company, with gas at the Muskogee terminus for its require- ments up to 5,000,000 cubic feet daily for the town of Wagoner.

After the line was completed, plaintiff and the Municipal Gas Company requested that they be permitted to connect with the line, and that they be supplied with gas for distribution to their consumers. The re- quest was denied, whereupon this action was commenced by plaintiff and the Mu- nicipal Gas Company.

Defendant raised the question of mis- joinder of parties plaintiff. In this defend- ant was sustained, whereupon plaintiffs asked and obtained leave to file separate petitions and to prosecute their actions separately, and this cause is upon the sep- arate petition of plaintiff Cherokee Public Service Company.

Plaintiff, after alleging its corporate ex- istence, the ownership by it of a franchise from the town of Jenks and the city of Wagoner, and its obligation to furnish gas to industrial, commercial, and domestic con- sumers therein, alleged that in order to supply such consumers it was necessary for plaintiff to procure natural gas either from producers or from pipe lines in the vicinity of the communities served; that the supply of natural gas in the vicinity of said city and town was inadequate and undependa- ble; that defendant company was licensed to do business in the state, and under its charter and the laws of this state it was a common carrier and distributor of nat- ural gas; that it had a large supply of nat- ural gas available for distribution to its various customers and sufficient to supply plaintiff and all others along its said line; that it had promised and agreed to furnish a supply of natural gas for distribution in said towns and cities, and was in fact sup-

plying other public service companies gas for distribution in the cities of Sapulpa and Muskogee; that it refused to supply plaintiff, and that its refusal was without cause or reason and was a discrimination against plaintiff and in violation of the laws of this state under which defendant company was operating.

Defendant pleaded: (1) The court had no jurisdiction to grant the relief prayed for. (2) The court had no jurisdiction over the subject-matter. (3) That if plaintiff is aggrieved by any act of defendant, it had a plain, adequate remedy at law.

It also denied that it was under the law a common carrier and distributor of natural gas, or that it was and is a public utility, but that if it was mistaken and could be properly classed as a public utility, then entire, complete, and exclusive jurisdiction in the matter is vested in the Corporation Commission, and that the court was without jurisdiction to issue a writ of mandamus against the defendant as a public utility.

Pending this action in the district court, plaintiff, joined by the Municipal Gas Company, made application to the Corporation Commission for an order against defendant substantially the same as that prayed for herein.

A hearing appears to have been had there resulting in an order in favor of the Municipal Gas Company, but no order appears to have been made granting or denying relief to the plaintiff in this action.

Defendant, by supplemental plea, set up this order as a final adjudication of the matter against plaintiff by the Corporation Commission.

At the trial defendant admitted that it has a supply of gas sufficient to supply all the requirements of those with whom it had contracted, as well as plaintiff.

Plaintiff having introduced its evidence, defendant demurred thereto upon the sole ground of alleged want of jurisdiction in the district court. The demurrer being overruled, defendant elected to stand upon the demurrer, and the court made findings of fact and conclusions of law as follows:

"Argument of counsel being had upon both the facts and the question of law as to jurisdiction, the court finds that the defendant is a public utility and as such under the plain and clear legal duty to furnish connections and service to the plaintiff upon demand of plaintiff with offer to pay therefor. The court is further of opinion and holds that in ordering connections and service, it is necessary that rates and terms be fixed upon which same shall be furnished, and that in respect to such rates and terms and enforced contracts between the parties, the court is without jurisdiction, and that it cannot fix rates nor terms nor make contracts between the parties, but that sole and exclusive jurisdiction so to do is conferred upon the Corporation Commission of this state—but the court is further of opinion and holds that while a more complete and satisfactory jurisdiction in all respects is had by said Corporation Commission, still the courts of the state have at least a limited jurisdiction to enforce a plain and clear legal right of connection and service by a public utility in a proper case—not attempting, however, to invade the jurisdiction of said Corporation Commission as to rates and terms of such enforced contracts and service. Upon these views as to the law and upon the facts of this case, the court finds the issues herein in favor of the plaintiff and that said plaintiff is entitled to the relief prayed for in its petition—and to all of which opinions and conclusions and findings the defendant Southwestern Natural Gas Company excepts."

Judgment was accordingly entered awarding the peremptory writ as prayed for, stating therein:

"It is further specifically understood that no attempt is made by this order to fix rates nor terms as to the enforced service provided for herein, but all of same is left to the Corporation Commission of this state, and for that reason the court does not fix the amount of any bond to be furnished by the plaintiff for the payment of any gas furnished under this order, but the amount and terms and conditions of such bond are also hereby left to said Corporation Commission upon the fixing of such rates and terms by it, and to all of which findings and conclusions and order and judgment the defendant excepts."

Defendant asserts that it is not a public utility and is not a common carrier.

Upon the pleading, with the admissions made therein and the evidence of plaintiff, the finding of the trial court that defendant is and was a public utility must be sustained.

The only other question presented in the brief is that the court was without jurisdiction to issue the writ.

Defendant contends that under the Constitution and laws exclusive jurisdiction in matters of this kind is in the Corporation Commission. That the Corporation Com-

mission does have jurisdiction seems to be conceded. But the question here is whether it has exclusive jurisdiction. The jurisdiction of the Corporation Commission to prescribe rates, charges, and classification of traffic, subject to review as prescribed by the Constitution of Oklahoma, is exclusive. This was recognized by the trial court. That the courts are without jurisdiction except by way of review by the Supreme Court in matters of rate fixing, etc., is obvious, for this is uniformly held to be a legislative function, which basically, fundamentally, and originally is a thing apart from the judicial function, which the courts in no case may exercise. The Corporation Commission may exercise this function only because it is authorized by the Constitution. But in matters other than prescribing rates, charges, classification, etc., for transportation and transmission companies, it cannot be said that exclusive jurisdiction in matters affecting public utility corporations is in the Corporation Commission. If the finding of the trial court that the defendant is a public utility be correct, and it is, then it clearly follows that the holding that as such it was under a clear legal duty to furnish service to plaintiff without discrimination is sound.

The question, then, is whether the district court has power or jurisdiction to compel the performance of the clear legal duty devolving upon this public utility in a mandamus proceeding.

A similar question was before this court shortly after the adoption of the Constitution. In Oklahoma City v. Oklahoma Ry. Co., 20 Okla. 1, 93 P. 48, case No. 2, in this court, it was held:

"When there is a grant and acceptance of a public franchise which involves the performance of a certain service, the person or corporation accepting such franchise can by mandamus be compelled to perform such service."

In Bartlesville Water Co. v. City of Bartlesville, 48 Okla. 344, 150 P. 118, it is held:

"Mandamus will lie at the suit of a city to compel the performance of a specific public service by a corporation which has accepted its franchise imposing such service."

At the time the Oklahoma Ry. Co. Case, supra, was decided, corporations, etc., engaged in the business of carrying or transporting natural gas within the state had not been declared common carriers as at common law. But the jurisdiction of the Corporation Commission of transportation and transmission companies was then as full and complete as now. At the time the Bartlesville Water Company Case was decided, chapter 99, S. L. 1913, had been enacted. By section 4 thereof, corporations, etc., engaged in the business of carrying or transporting natural gas for hire, compensation, or otherwise were declared common carriers as at common law, and were prohibited from discriminating in the carriage, transportation, or delivery of any natural gas offered to it, in its possession or control, or in which it is interested, directly or indirectly.

It was by that act that corporations, etc., engaged in the business of carrying or transporting natural gas by or through pipe lines within this state were brought under the supervision of the Corporation Commission as common carriers as at common law. It will be observed that section 3 of the act (sec. 11520, O. S. 1931) exempts all corporations, etc., from the provisions of the act (except as to section 9 thereof), "where the nature and extent of their business is such that the public needs no use in the same, and the conduct of the same is not a matter of public consequence," and then section 3 of the act expressly confers jurisdiction upon the district courts of the state and the Corporation Commission to determine the questions of such exemption. It is clear that where the question of whether the nature or extent of the business of a particular gas pipe line corporation, firm, or association is such as to exempt it from the provisions of said chapter (except section 9 thereof is involved), the proper district court and the Corporation Commission have concurrent original jurisdiction. Jurisdiction of the courts of justice in certain cases is also reserved by section 24, art. 9, of the Constitution, "but in no such proceedings * * * shall the reasonableness, justness, or validity of any rate, charge, classification of traffic, rule, regulation or requirement, theretofore prescribed by the Corporation Commission, within the scope of its authority, and then in force, be questioned."

By section 18, art. 9, of the Constitution, "The authority of the Commission (subject to review on appeal * * *) to prescribe rates, charges, and classifications of traffic, for transportation and transmission companies, * * * subject to regulation by law," is made paramount, subject to specified exceptions.

This paramount power of the Commission was fully recognized by the trial court, in

that it was specifically held that exclusive original jurisdiction in such matters was in the Corporation Commission.

It is quite clear, in view of the holding of this court in the Oklahoma Railway Company Case, supra, and the Bartlesville Water Company Case, supra, that district courts have jurisdiction, at least concurrent with the Corporation Commission, to compel a public service company to render or perform public service such as is its clear legal duty to perform, where questions of rates, charges, or classification of traffic are not involved.

Defendant cites a number of cases in effect holding that an action in mandamus would not lie, and that resort must first be had to the Corporation Commission, Interstate Commerce Commission, or other public service commission. But all or nearly all of the cases cited involve questions of rates over which it is and must be conceded that the Corporation Commission has exclusive original jurisdiction.

The question of rates, charges, or classification of traffic not being involved in this action, but expressly reserved in the judgment to the Corporation Commission, and there being no invasion of the exclusive jurisdiction of the Corporation Commission, the judgment is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur.