BOARD OF COM'RS OF HARMON COUNTY v. KEEN, Dist. Judge, et al.

No. 31824. Sept. 19, 1944.

Rehearing Denied Dec. 5, 1944.

*153 P. 2d 483.*

L. G. Hyden, County Atty., Harmon County, of Hollis, for plaintiff.

Robinson & Oden, of Altus, and Claude Briggs, of Oklahoma City, for respondent.

HURST, J. This is an original proceeding in this court commenced by the board of county commissioners of Harmon county as petitioner to prohibit the respondent, Hon. W. P. Keen, as district judge, from proceeding in cause No. 4305 in the district court of Harmon county, wherein R. H. Bryant sued to recover damages from the county in a tort action.

It appears from the record that on August 28, 1936, Bryant sustained an accidental personal injury while working for Harmon county as an operator of a power-propelled grader in maintaining the county highways. The employment was hazardous and was covered by the provisions of the Workmen's Compensation Act. 85 O. S. 1941 §3 (3). Bryant filed a claim for compensation for the injury with the State Industrial Commission. An award was denied on the ground that the claim was not timely filed. The order of the State Industrial Commission was affirmed by this court. Bryant v. State Industrial Commission, 191 Okla. 14, 126 P. 2d 716. Thereafter, cause No 4305 was filed. The defendant, board of county commissioners of Harmon county, filed a demurrer to the petition which was overruled. This original action was then filed in this court.

We are committed to the rule that in the absence of an express statute creating a liability therefor, a county is not liable in a civil action for damages for injuries resulting from negligent acts or omissions of its officers or those it is obliged to employ in the performance of their duties as such officers or employees. See Hazlett v. Board of County Commissioners, 168 Okla. 290, 32 P. 2d 940, and authorities there cited. And this rule prevails generally in the other states. 15 C. J. 568; 20 C. J. S. 1067; 14 Am. Jur. 215; 7 R. C. L. 954.

1. The first question for decision is whether 85 O. S. 1941 §12 creates a cause of action against a county, where, as here, the county is liable as an employer under the Workmen's Compensation Law, 85 O. S. 1941 §3 (3), and where it has failed to comply with 85 O. S. 1941 §149 by insuring against such liability or by taking the necessary steps to carry its own insurance.

In Whiteneck v. Board of County Commissioners, 89 Okla. 52, 213 P. 865, we answered this question in the negative. We there held that section 12 "does not in any manner change the common law relative to liability of a state or county for the torts of its agents or employees, and, inasmuch as it does not either expressly or impliedly impose liability on the county for the torts of its agents or employees, an action cannot be maintained against the county for injury resulting in the death of an employee engaged in constructing a bridge." While we were there dealing with liability for death and are here dealing with liability for personal injuries, the principle of law is the same. Section 12 creates no cause of action. It has the effect of taking away from injured employees covered by the act the common-law action for personal injuries where the employer complies with the law with reference to insuring against liability or with reference to carrying its own insurance. But where the employer fails to comply with such requirements the employee retains the

common-law action, if any, which he had prior to the enactment of the act. See Montgomery v. State Industrial Commission, 190 Okla. 439, 124 P. 2d 726.

It follows that Bryant has no cause of action for tort against the county because of the negligent or wrongful acts or omissions of its officers and employees, and hence can state none.

2. The next question is whether prohibition is the proper remedy. We have long been committed to the rule that "prohibition is the proper remedy, where an inferior court assumes to exercise judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it." State ex rel. Haskell v. Huston, 21 Okla. 782, 97 P. 982. Section 2, art. 7, of the State Constitution gives this court original jurisdiction to issue writs of prohibition and other extraordinary writs, and also "a general superintending control over all inferior courts and all commissions and boards created by law." The jurisdiction to issue the named writs and the jurisdiction to exercise superintending control over inferior courts, while separate and distinct (14 Am. Jur. 462), are closely related. It is not always easy or necessary to note the line of demarcation between the two. The power of superintending control is exercised by use of writs of prohibition, mandamus and certiorari, as well as by other writs. 14 Am. Jur. 467, §273. The power is of ancient origin and very broad. Matney v. King, 20 Okla. 22, 93 P. 737; State ex rel. Freeling v. Kight, 49 Okla. 202, 152 P. 362; Kelly v. Kemp, 63 Okla. 103, 162 P. 1079; 14 Am. Jur. 461; 51 L. R. A. 33, annotation; 112 A. L. R. 1351, annotation. Its exercise rests in the sound discretion of the court. See annotations in 51 L. R. A. 3-110; 20 L. R. A. (N.S.) 942-954, and 112 A. L. R. 1351-1399. The question, then, is whether the respondent district judge is about to make an excessive and unauthorized application of judicial force in a cause otherwise cognizable by him, or whether he should be restrained from proceeding further under our power of superintending control.

Here no cause of action exists or can be stated. No appeal lies from the order overruling the demurrer to the petition. Oklahoma City-Ada-Atoka Ry. Co. v. Parks, 182 Okla. 598, 78 P. 2d 791. The action of the court in overruling the demurrer can only be reviewed on appeal by the county standing on the demurrer and refusing to plead further and suffering a default judgment to be taken against it or after a burdensome and expensive trial that will consume public funds, a part of which would not be taxable costs, and those that are taxable might not be recoverable. Under such circumstances, we are of the opinion that the remedy by appeal is not speedy and adequate and the writ of prohibition should issue as prayed. See State ex rel. Mitchell v. Johnson, 105 Wis. 90, 80 N. W. 1104, where a writ of mandamus was issued to compel a trial court to sustain a motion to dismiss a case where the statute made it the plain duty of the court to do so. Here it is just as plain that no cause of action exists.

A writ of prohibition is accordingly issued permanently restraining the respondent district judge and the district court of Harmon county from proceeding further in said cause.

CORN, C.J., GIBSON, V.C.J., and OSBORN, BAYLESS, and DAVISON, JJ., concur. RILEY, J., concurs in conclusion. WELCH and ARNOLD, JJ., absent.