SHELL OIL COMPANY, a corporation,
Petitioner,

v.

W. P. KEEN, Judge of the District Court of
Beckham County, Oklahoma,
Respondent.

No. 39159.

Supreme Court of Oklahoma.

Oct. 4, 1960.

Jesse M. Davis, Oklahoma City, for petitioner.

Wise & Ivester, by T. R. Wise, Sayre, for respondent.

BERRY, Justice.

In 1950 the Corporation Commission, hereafter referred to as "Commission", entered Order No. 24,158 by the provisions of which 81 tracts in the Elk City oil and gas field were unitized. The petitioner, Shell Oil Company, hereafter referred to as "Shell", was designated by interested parties to operate the unitized area.

In 1953 a test well for oil and gas was completed as a producer on land in the area of the unitized area, which land was owned by Raymond F. Hale and Lucille Hale, hereafter referred to as "the Hales". This well produced salt water to the extent that allowable production only of oil therefrom would endanger its potential as an oil well. Because of said fact, the Commission entered Order No. 27,812 under which Superior Oil Company, hereafter referred to as "Superior", as the operator of the well was permitted to produce 300 barrels of oil daily therefrom until such time as the well was incorporated into the unitized area heretofore referred to. The overproduction (production in excess of daily allowable) was to be made up. That portion of the order of the Commission which is in controversy, reads as follows:

"2. That all production from said well in excess of the current daily allowable, taking into consideration the gas-oil ratio limitations and all other prior orders of the Corporation Commission, shall be charged to said tract as overproduction, and when and if said tract is taken into the Elk City Unit, the owners of said tract shall be required to make up said overproduction charged to said well at that time before said well shall be allowed to participate in the income from the Elk City Unit."

The land of the Hales was by order of the Commission subsequently made a part of the unitized area. A portion of said order reads as follows:

"6. That pursuant to Order No. 27812 in Cause CD No. 5195, Superior Hale No. 1 well, which is located in the center of the SW¼ of the NW¼ of Section 4, Township 10 North, Range 21 West, which is identified as Tract No. 290 on said exhibit 'A', will be charged with the amount of overproduction during the period from the effective date of said order until this Fourth Enlargement of the Unit becomes effective and will not be entitled to share in unit production until the overproduction is made up, and that by reason thereof the amount of overproduction which is allocated to said Tract No. 290 under the terms of the Plan of Unitization, which is attached hereto, shall be allocated among the other 289 tracts in accordance with their respective participation rights in unit production until such time as said overproduction is made up."

Following entry of Order No. 27,812, the Hales and Superior filed an application before the Corporation Commission in which they requested that the Corporation Commission interpret or amend its Order No. 27,812 "so as to require said unit operator, from and after the effective date of said unit enlargement, to credit said well and the tract (the Hales' land) on which the same is located with its full share of all unit production, including both oil and plant products, accruing subsequent to said effective date of such enlargement." The position and contention of the parties were stated in said application to be this:

"3. At the time of the issuance of said Order No. 27812 it was understood and agreed, and it was the true purpose and intent of said order, that during the period from November 20, 1953, to the effective date of said unit enlargement said Hale No. 1 well should be charged only with that quantity of oil, and oil only, produced by said well in excess of the established allowables for wells in the Elk City Field, and that, upon the inclusion of said well in said

unit, there should be credited to said well and the tract on which it is located its full share of all unit production, including its proper share of all oil produced by said unit and also all of the liquid products produced from the gasoline plant operated by said unit. Notwithstanding the foregoing, the unit operator of said unit, Shell Oil Company, construes and interprets said Order No. 27812 to mean that said well and the tract on which it is located will not be entitled to share in such plant products unless and until said tract's share of unit oil production shall equal the excess oil produced by said well from November 20, 1953, until the inclusion thereof in said unit. Based upon such construction and interpretation of said order said unit operator has refused, and is now refusing, to credit said well or the tract on which the same is located with any portion of such plant products or the proceeds thereof."

The Commission subsequently entered its Order No. 30,129 denying the application of the Hales and Superior. In said Order it was stated that "The Commission finds that Order No. 27812, relating to the Superior Oil Company's No. 1 well, located as above described, is clear and unambiguous, and does not need any further interpretation or amendment." The application to interpret or amend the last referred-to Order was denied and an appeal was not taken.

The Hales subsequently filed an action (No. 13,435) in the District Court of Beckham County, Oklahoma, against Shell and Superior for an accounting for oil produced from the well so drilled to production on the Hales' land. In so far as material, the Hales alleged in their petition that overproduction chargeable to the well on their land was 57,501 barrels of oil; that if the factors used in determining whether said overproduction had been made up were the ratio of oil only produced from the Hales well to the oil produced from the original unitized area the Hales well

"would be cleared as of July 1, 1960," but if the factors used were the combined value of oil and gas plant production of the Hales well to like values attributable to the original unitized area, the well would be cleared as of October 1, 1957; that the last referred-to factors should be used and Shell or Superior were therefore indebted to the Hales and should be required to account.

Shell filed a demurrer to the Hales' petition in which it alleged that (1) the Commission had exclusive jurisdiction of the controversy and (2) that the petition did not state facts sufficient to constitute a cause of action. Upon said demurrer being denied, Shell filed the instant action in this Court seeking a writ prohibiting the respondent, W. P. Keen, Judge of the District Court of Beckham County, Oklahoma, hereafter referred to as "respondent", from exercising jurisdiction of Action No. 13,-435 so filed below by the Hales.

In the response filed by respondent to the application of petitioner this is said:

"* * * It is the opinion and judgment of this respondent that plaintiffs in the petition in the said District Court are accepting as correct and sufficiently clear, and as full, final and complete the orders and decisions of the said Honorable Corporation Commission, and this respondent accepts such orders as complete and final orders of the Honorable Commission. It is the opinion and judgment of this respondent that said cause filed in the District Court of Beckham County, Oklahoma, and the rights of the parties therein are to be construed in the light of the language in said orders of the said Honorable Corporation Commission. And as a matter of fact such orders do fix and determine the respective rights of the plaintiffs, Hale, and of the defendants, Shell Oil Company, a corporation, and The Superior Oil Company, a corporation."

After quoting the above quoted matter, respondent in his brief in support

of his response says that "This leaves this controversial matter between the Hales and Shell Oil Company where both of the parties are bound by the written law and the promulgated and written orders of the Commission." We agree. Respondent asserts further that district courts and not the Commission (citing Texola Drilling Co. v. Oklahoma Corporation Commission, Okl., 281 P.2d 405) have jurisdiction in accounting actions. Again we agree. In brief, we agree that the district court would have jurisdiction in an accounting action where the accounting is based upon orders of the Commission, but we do not agree that said court would have jurisdiction to modify the orders of the Commission and compel an accounting in accordance with the orders so modified. As bearing upon the foregoing see Cabot Carbon Co. et al. v. Phillips Petroleum Company, Okl., 287 P.2d 675; Application of Martin et al., Okl., 321 P.2d 659, and Constantin, Jr. v. Martin et al., 10 Cir., 216 F.2d 312.

■ As heretofore pointed out, the Hales and Superior filed an application before the Commission in which they set forth their construction of Order No. 27,-812 and asked the Commission to either interpret said Order in accordance with their construction or to modify said Order so as to conform to their contention. The actions of the Commission on said application, in our opinion, clearly show that the Commission construed the Order in keeping with Shell's construction which is contrary to the construction of the Hales and Superior. The action of the Commission was permitted to become final and the Hales are therefore presently bound by said action.

It is apparent that the the Hales are only entitled to an accounting if Order No. 27,-812 is construed contrary to the Commission's construction of same, and that for the district court to adopt a construction contrary to that of the Commission would, in effect, constitute a material modification of the order which is without the jurisdiction of said court.

The application of Shell for a Writ of Prohibition is therefore granted and respondent is directed to take no further action in Action No. 13,435.

WILLIAMS, V. C. J., and HALLEY, JOHNSON, BLACKBIRD and JACKSON, JJ., concur.

WELCH and IRWIN, JJ., dissent.