CONTINENTAL TELEPHONE COMPANY OF OKLAHOMA, INC., Petitioner,

v.

Honorable Stewart M. HUNTER, District Judge, 7th Judicial District of Oklahoma, Respondent.

No. 52582.

Supreme Court of Oklahoma.

Feb. 6, 1979.

William L. Anderson, A. David Necco, Oklahoma City, for petitioner, Continental Tel. Co. of Okl., Inc.

Ellis, Frates & Shotts, Oklahoma City, for respondent.

Robert D. Allen, Oklahoma City, for amicus curiae.

DOOLIN, Justice:

Continental Telephone Company (the utility) was sued by twenty plaintiffs, individually and collectively for their own benefit as well as for the benefit of all other persons similarly situated. Plaintiffs are patrons or subscribers to telephone service in the Jones-Choctaw Exchange in Oklahoma County, Oklahoma. Plaintiff's suit was filed in the District Court of Oklahoma County and sought $207,774.00[1] in damages for interrupted service on breach of contract. The petition alleged breach of contract in the following particulars: (1) failure to install proper equipment, (2) failure to repair equipment properly, (3) faulty or outdated equipment, (4) utility received payment under orders and rates fixed by the Oklahoma Corporation Commission (Commission) but failed to render service. The prayer, in addition to the sum aforesaid, also asked for $17,314.50 a month from date of filing, together with costs and attorney fees.

The utility entered its appearance in the district court action and thereafter filed a demurrer and motion to dismiss. The demurrer and motion were overruled, and the utility filed its application and petition in this court praying for a writ, prohibiting further proceedings by the district judge.

We are of the opinion under Art. VII § 4 of the Oklahoma Constitution, jurisdiction should be assumed. *Shell Oil Co. v. Keen*, 355 P.2d 997 (Okl.1960); *Board of County Commissioners, Harmon County v. Judge Keen*, 194 Okl. 593, 153 P.2d 483 (1944); *Powell v. Seay*, 553 P.2d 161, 165 (Okl.1978), and *Oklahoma Gas & Electric Co. v. Corporation Commission*, 543 P.2d 546 (Okl.1975).

The utility raises three issues in its application. We believe disposition of its contention as to exclusive jurisdiction in Commission in matters of a refund, under valid orders fixing rates, makes consideration of the other issues unnecessary. We find exclusive jurisdiction of refunds or reparations is vested in the Corporation Commission of Oklahoma by virtue of Art. IX, § 18 of the Constitution of Oklahoma and 17 O.S.1971 § 121 et seq.[2]

■ Commission exercises legislative, judicial and executive powers limited only by the Constitution and statutes.[3] Commission, by rule 7(e): "Rules and Regulations Governing and Regulating the operation of Telephone Companies and Telecommunications in Oklahoma" in order No. 107,853, cause No. 24,775 legislated as to refunds for service interruptions:

"Refunds for Service Interruptions: Whenever service to any customer is inoperative, otherwise than by reason of negligence or willful act of the customer or causes beyond the control of the company, and remains inoperative for more than 24 consecutive hours after being reported to the company as out of order, the customer shall be entitled to an adjustment of charges upon request. The adjustment shall be equal to one-thirtieth of local service charges for the first full 24 hour period in operative, and for each succeeding 24 hour period or fraction thereof. The maximum credit during a single billing period shall not exceed the amount of local service charges. There shall be no diminution of allowed message units where billing is on a message unit basis, or for toll charges. The refund may be accomplished by a credit on

1. This sum is an exact arithmetical computation of refunds due for the period involved.

2. Section 121 deals with excess payments under an established rate or rates as thereafter declared or established. *Atchison, T. & S. F. Ry. Co. v. State et al.*, 85 Okl. 223, 206 P. 236 (1922) and *Okla. City Ada-Atoka Ry. Co. v. State*, 207 Okl. 150, 248 P.2d 1005 (1952), Appeal dismissed, 344 U.S. 861, 73 S.Ct. 104, 97 L.Ed. 668. Such rates become excessive in our opinion when a refund is due for interruption of

service under rule 7(e). We further note the specific nature of, and the peculiarity of the service offered by a "telephone utility" is the only regulated service where a basic charge ensues whether the service is used or not. Such service is unique inasmuch as same is not measured or dependent upon a carrier contract or transmission such as a common carrier's freight charges or long distance tolls.

3. *Application of Central Airlines* 199 Okl. 300, 185 P.2d 919 (1947).

the next subsequent bill for telephone service. The telephone company shall have no other liability for service interruptions."[4]

This rule, promulgated under Art. IX § 18 of the Constitution and 17 O.S.1971, § 121 et seq., is an integral part of the order issued to the utility in the instant case. It is the source of Commission's authority and jurisdiction of the subject matter.

This is not to say utility's liability is always limited to reparation or refunds, costs and attorney fees. Scrutiny of § 121 indicates Commission is made a Court of Record as to refunds and contractual obligations arising from rate matters. We are of the opinion, however, that the Commission does not have jurisdiction of, nor is the liability of an errant utility limited to, or fixed by § 121 for tortious and wanton acts of negligence resulting in damages beyond its expertise. As an example, an action for damages for loss of profits, fraud and other proper negligence claims, exists in the district courts of Oklahoma, in spite of the attempt to limit liability under Rule 7(e).

In *Pioneer Telephone & Telegraph Co. v. State,* 40 Okl. 417, 138 P. 1033 (1914) *we held there are three remedies available by which the validity of a rate order might be challenged; (1) by appeal to this court, (2) application to Commission to set aside the order, and (3) by an action in equity in district court to restrain its enforcement. This decision relied on a United States Supreme Court decision,* Prentis v. Atlantic Coast Line Co., *211 U.S. 210, 29 S.Ct. 67, 53 L.Ed. 150 (1908).*[5]

In the present case none of the above remedies are sought. The order itself is not under attack. Commission is not a party to this action. The petition alleges a breach of contract by utility and seeks damages in the amount a refund of charges paid for service not given. Therefore petitioners attack the adequacy of the service rendered. These matters are clearly within the jurisdiction of Commission.[6] Commission's rules and regulations define subscribers' rights and the utility's obligations. They further limit utility's liabilities and the public's remedies for service inadequacies except for tortious conduct.

Respondents must seek relief under Rule 7(e).

LET THE WRIT ISSUE.

WILLIAMS, BARNES, SIMMS and HARGRAVE, JJ., concur.

LAVENDER, C. J., and IRWIN, V. C. J., concur in result.

OPALA, J., concurs specially.

OPALA, Justice, concurring specially:

In the district court suit here under consideration telephone subscribers in petitioner's suburban Jones-Choctaw exchange seek to recover unearned charges paid to petitioner for toll-free access to the Oklahoma City metropolitan exchange area (of S. W. Bell Tel. Co.), a Corporation-Commission-mandated service whose delivery allegedly went either completely unperformed or was "insufficiently and defectively" carried out because of inadequate equipment or faulty maintenance and operation.

A controversy over the value of unperformed or inadequate public utility service is by its very nature one for rebate or refund. The gist of the dispute is to fix the *legal rate* properly to be charged for the service actually rendered when that service is alleged to vary in character from one that was mandated by a previous rate-fixing order of the commission. Our Constitution reposes in the commission *exclusive*

---

4. Such a limitation may be a violation of §§ 6 & 7 of Art. II of the Constitution of Oklahoma and the 5th & 14th amendments to the Constitution of the United States. See also Art. IX § 24 of the Oklahoma Constitution.

5. Both Pioneer Telephone and Prentis, supra, point out that as a "matter of practice" the first two remedies should be sought before resorting to the last.

6. See *Bell Telephone Co. of Pa. v. Sanner* 375 A.2d 93 (Pa.Supp.1977).

*original jurisdiction over rate making.*[1] It makes no difference whether the power is exercised prospectively, as it is when rates are fixed for future service, or retrospectively as in a case such as the present where it is complained that mandated service already delivered by a utility was of a quality or quantity having less value than that which is required by the previous commission rate-making order.[2] In short, whenever a tribunal is called upon to determine whether utility-rendered service has earned the full charges lawfully prescribed therefor, less than the fixed legal rate or nothing at all, the *issue presented requires an exercise of rate-making authority* which lies exclusively in the commission. As our Constitution clearly commands, the commission's exercise of rate-making authority may never be "questioned" anywhere else except on regular review prescribed by law.[3]

This conclusion, which appears on its face somewhat unreasonable and overly restrictive (in that it deprives consumers of access to the ordinary courts of justice and of their right to jury trial), is essential to preserve inviolate the commission's constitutional responsibility to protect the rate-paying public as a whole. Were consumers to be allowed to sue in court and bring their grievances before different juries, our carefully constructed institutional design, intended to maintain rate uniformity and prevent discriminatory rebates, would soon be destroyed beyond any possibility of repair.

If our construction here be contrary to present-day consumer interests, the remedy lies with the Legislature. It has the power to alter the Constitution's design. Art. 9 § 35, Okl.Con.

I am authorized to state that LAVENDER, C. J., and IRWIN, V. C. J., concur in these views.

1. Art. 9 §§ 18 and 24 Okl.Con.

2. *Nowata Co. Gas Co. v. State*, 72 Okl. 184, 177 P. 618; *Oklahoma Nat. Gas Co. v. State*, 78 Okl. 5, 188 P. 338; *Oklahoma Nat. Gas Co. v. State*, 110 Okl. 297, 236 P. 893.

3. Art. 9 §§ 20 and 24, Okl.Con. If this had been a suit simply to compel a clear legal duty, i. e.

service delivery as contemplated or mandated by previous commission order, instead of to recover *unearned portion of the fixed rate*, district court would have had concurrent jurisdiction with the commission. *Southwestern Natural Gas Co. v. Cherokee Public Service Co.*, 172 Okl. 325, 44 P.2d 945, 948.