**PUBLIC SERVICE COMPANY OF OKLAHOMA, an Oklahoma Corporation, Appellant/Counter–Appellee,**

v.

**NORRIS SUCKER RODS, a division of Dover Resources Companies, Appellee/Counter–Appellant.**

**No. 82776.**

Court of Appeals of Oklahoma, Division No. 4.

July 18, 1995.

Rehearing Denied Feb. 13, 1996.

Certiorari Denied May 15, 1996.

---

Jack P. Fite, Jay M. Galt, White, Coffey, Galt & Fite, Oklahoma City, Dallas E. Ferguson, Doerner, Stuart, Saunders, Daniel, Anderson & Biolchini, Tulsa, for Appellant/Counter–Appellee.

Keith F. Sellers, James D. Bryant, Holliman Langholz Runnels Holden Forsman & Sellers, P.C., Tulsa, for Appellee/Counter–Appellant.

## OPINION

GOODMAN, Presiding Judge.

This is an appeal from an order of the Oklahoma Corporation Commission filed November 22, 1993, granting Norris Sucker Rods (Norris) a refund from Public Service Company of Oklahoma (PSO) for overpayment of electric service. PSO appeals, and Norris counter-appeals.

In reviewing the Commission's decision, this court shall affirm if the Commission's findings and conclusions are sustained by the law and by substantial evidence. Okla. Const. art. IX, § 20.

Based upon our review of the record and applicable law, the order is affirmed in part and reversed in part.

### I. FACTS

Manufacturer Norris is a corporate customer of PSO, a public utility. In 1985, PSO notified Norris its electric transformer was overloaded. PSO added a second transformer, and Norris rewired part of its plant.

In early 1986, PSO notified Norris it could save money on its electric bill by switching to a different rate. Norris elected to make the switch in February 1986. However, the switch was not made by PSO until October 1987. The parties dispute why PSO failed to make the switch when originally requested to do so.

In reviewing data used to recommend the rate switch, PSO discovered it had failed to connect the second transformer to a meter, resulting in Norris receiving unbilled partial electric service for almost nine months. PSO installed a new meter and charged Norris $34,560 for the unmetered service, which Norris paid.

In 1989, a consultant informed Norris it had lost considerable money by paying the higher rate between February 1986 (when Norris requested the switch) and October 1987 (when the switch was made). Norris demanded that PSO refund the difference between the two rates. PSO refused.

In August 1989, Norris filed an application with the Oklahoma Corporation Commission for a refund. It later filed an amended application for reimbursement of the cost of rewiring and for part of the amount it paid for the unmetered service.

An Administrative Law Judge ruled in favor of Norris on November 1, 1991. The Commission reversed the ALJ in Order No. 373811 and denied any refund to Norris. It vacated that order in Order No. 374366. On November 22, 1993, it issued its final order, No. 378057, granting Norris a refund of $73,837.87 plus prejudgment interest, but denying Norris' request of reimbursement and attorney fees. PSO appeals, and Norris counterappeals.

### II. ISSUES—THE APPEAL

#### A. Jurisdiction

■ PSO contends the Corporation Commission lacked jurisdiction to order a refund to an individual customer for a violation of the Commission's rules. We find the Commission is vested with such power by the Oklahoma Constitution and the applicable statutes.

The Commission found jurisdiction to exist "pursuant to 17 O.S. § 151 et seq. and OAC 165:35 et seq., also known as the Rules and Regulations Governing the Operations of Electric Utilities." It adopted the Administrative Law Judge's finding that PSO violated Electric Rule 31. Though neither the ALJ nor the Commission stated what portion of the Rule had been violated, it appears the applicable section is (a)(4), which states that a utility shall "[a]ssist the consumer or prospective consumer in selecting the most economical rate schedule." The Commission found PSO "unilaterally stopped Norris' selection of PSO's 655 rate."

The Corporation Commission has the power and duty to supervise, regulate, and control transmission companies in all matters relating to their public duties and their charges. Okla. Const. art. IX, § 18. It has general supervisory power over public utilities with regard to rates. 17 O.S.Supp.1994 § 152. Additionally, the Legislature has given the Commission "all additional implied and incidental powers which may be proper and necessary" to carry out its powers. 17 O.S.1991 § 153.

■ It is true that the Commission is not a court of general jurisdiction and cannot enter a money judgment against a party. *Lear Petroleum Corp. v. Seneca Oil Co.*, 590 P.2d 670 (Okla.1979). However, PSO's attempt to characterize this case along those lines is misplaced. The Commission is more than a proper forum for relief in this matter—it is the only forum in which a utility customer can seek relief in a rate dispute. The Commission exercises exclusive jurisdiction over refunds and reparations. *Continental Tel. Co. of Oklahoma, Inc. v. Hunter*, 590 P.2d 667 (Okla.1979). There, as in our case, consumers asked a utility to refund money for violation of a Commission rule. The supreme court held: "The petition alleges a breach of contract by utility and seeks . . . a refund of charges paid for service not given. Therefore petitioners attack the adequacy of the service rendered. These matters are clearly within the jurisdiction of Commission." *See also Hixon v. Snug Harbor Water and Gas Co.*, 381 P.2d 313 (Okla. 1963).

Additionally, it appears the Commission has jurisdiction under 17 O.S.1991 §§ 121 and 122, which give the Commission power to determine and then order a refund for any overcharges in excess of the lawful rate. This conclusion was initially reached by the Administrative Law Judge but rejected by the Commission, apparently on the ground that while PSO may have charged at a higher rate than requested by Norris, it nonetheless charged a lawful rate. We note the supreme court in *Hunter* found that even a lawful rate is nonetheless excessive when a refund is due for violation of a Commission rule. Applying that analysis leads us to the conclusion that the lawful rate was the rate selected by Norris, but not implemented by PSO.

In summary, we find constitutional and legislative authority for the Commission to enforce its rules through the remedy of refund.

### B. Evidence

■ Having found the Commission has jurisdiction to enforce its decision, we must next determine whether that decision is supported by substantial evidence. It is undisputed that Norris properly authorized PSO to make the switch to the lower rate, and that PSO did not make that switch for more than a year and a half. The evidence is in sharp conflict over whether Norris acquiesced to the delay. While we must determine if there is substantial evidence to support the Commission's decision, this determination does not require a weighing of the evidence. The appellate court's duty is to review the total record and determine whether the Commission's findings are supported by more than a "mere scintilla" of evidence. *Southwestern Bell Tel. Co. v. State*, 825 P.2d 262 (Okla.1992). Substantial evidence possesses something of substance and of relevant consequence fit to induce conviction and may lead reasonable men fairly to differ on whether it establishes a case. *Turpen v. Oklahoma Corp. Comm'n*, 769 P.2d 1309 (Okla.1988).

We will not substitute our judgment for the Commission's simply because the evidence might have led to a different conclusion. Norris' plant engineer's testimony that the rate change request was made and never countermanded produces more than the mere scintilla of evidence necessary to support the Commission's decision regarding a violation of its rules.

The record also includes substantial evidence, in the form of bills and estimates, to support the Commission's findings in regard to the amount of refund owed Norris.

### C. Statute of Limitations

■ We next address the issue of whether the statute of limitations bars Norris' claim. No statute states the maximum length of time in which to file an application for relief with the Commission. The Commission found guidance in 12 O.S.Supp.1994 § 95 (Second), which provides a three-year limitation for actions based upon a liability created by statute other than a forfeiture or penalty. This appears to be a correct analysis, as Norris' claim is clearly based upon PSO's liability for violating a Commission rule, and a Commission rule has the full force and effect of law. *Smith Cogeneration Management, Inc. v. Corporation Comm'n*, 863 P.2d 1227 (Okla.1993).

The facts show Norris requested the rate change in February 1986, and filed its application with the Commission in August 1989, more than three years later. The Commission ruled the statute of limitations was tolled because PSO wrongfully concealed facts and prevented discovery of the wrong. The Commission further found the statute began running only when Norris discovered the facts, or with reasonable diligence should have discovered the facts—in this case, when a consultant notified Norris in March 1989.

■■■■■ The so-called "discovery rule" is normally applied in tort actions, an area where the Commission has no jurisdiction. *Fent v. Oklahoma Natural Gas Co.*, 804 P.2d 1146 (Okla.Ct.App.1990). However, it is well settled that in regulating public utilities, the Commission is clothed by the Constitution with legislative, executive, and judicial powers. *Southwestern Bell Tel. Co. v. Oklahoma Corp. Comm'n*, 873 P.2d 1001 (Okla.1994). In adjudicating matters, the Commission exercises the power of a court of record. *Monson v. State ex rel. Corp. Comm'n*, 673 P.2d 839 (Okla.1983). We conclude that the Commission's adjudicatory function includes the equitable powers of a court of record to consider the parties' conduct and circumstances and to apply the discovery rule where appropriate.

We hold that substantial evidence supports the Commission's findings that PSO violated Rule 31, and that Norris did not discover it was damaged as a result until 1989, and therefore the Commission's decision in this regard is affirmed.

#### D. Interest

■■■■■ The Commission ordered, "as a matter of policy," that PSO pay interest on the refund at the U.S. Treasury Bill rate. PSO argues the Commission lacked the authority to do so. Though the Commission has broad powers in regard to rates, prejudgment interest may not be awarded without statutory authority. *Majors v. Good*, 832 P.2d 420 (Okla.1992). It appears from the record the Commission has a long history of awarding interest. After this cause arose, the Legislature codified this power in cases where a refund is due for overcharges in excess of the lawful rate. *See* 17 O.S.1991 § 121 (amended by Laws 1991 ch. 332, § 1 eff. July 1, 1991).

■■■■ We believe the broad supervisory authority granted to the Commission by the constitution and the statutes in the area of rate refunds includes the power to award interest. The Commission decided as a matter of policy it would be best to charge interest for this rule violation. Under the facts of this case, we cannot say the Commission has abused its powers.

### III. ISSUES—THE COUNTER–APPEAL

#### A. Interest Rate

Norris contends it is entitled to a higher rate of interest on the refund. Norris has failed to provide us with a record-supported argument to defeat the basis for the Commission's ruling, and has shown no statute or case law to the contrary. We will not substitute Norris' policy arguments for those of the Commission.

#### B. Evidence

Norris alleges the Commission erred in denying two other claims against PSO, relating to (1) unmetered service and (2) rewiring costs.

■■■■ (1) PSO charged Norris $34,560 for unbilled service during the period when the second transformer was unmetered. Norris filed a claim for reimbursement, claiming PSO overcharged it by at least $14,000. The Administrative Law Judge agreed and ordered PSO to refund that amount. The Commission rejected this finding, ruling the testimony of a PSO engineer who determined the amount of unmetered service supported the reasonableness of the charges.

It is impossible to tell exactly how much energy went unbilled during the period in question. All the parties can do is estimate. However, the Commission's decision is supported by substantial evidence in the form of PSO's engineer's testimony and analysis. We therefore decline to reverse the Commission's decision.

■ (2) Norris spent $15,285 rewiring its facility to accommodate the second transformer. The Administrative Law Judge ordered PSO to refund that amount. The Commission rejected this finding, and instead applied Electric Rule 8, which states it is the customer's responsibility to pay for rewiring on its side of the meter. Norris does not attack the validity of the rule, and it is undisputed the rewiring took place on Norris' side of the meter. Therefore, there is substantial evidence to support the Commission's decision.

### C. Attorney Fees

■ The Administrative Law Judge recommended that the Commission grant attorney fees to Norris. However, the Commission held it was not bound by statute to award attorney fees and should not as a matter of policy award them. Historically, the Commission has been denied the power to award attorney fees. *Smith v. Corporation Comm'n*, 101 Okla. 254, 225 P. 708 (1934). Norris, however, urges 12 O.S.1991 § 938, entitles it to attorney fees. Section 938 states: "In any civil action or proceeding to recover for the overpayment of any charge for ... electric or natural gas service ... the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs."

Though the Commission based its decision on a violation of its rules, it cannot be disputed that Norris' application for relief is in the nature of a recovery for an overpayment. The question remains whether such proceedings before the Commission are encompassed by § 938.

As previously discussed, the Oklahoma Constitution clothes the Commission, in its regulation of public service corporations, with legislative, executive, and judicial powers. When it sits and decides matters in its adjudicative capacity, it exercises the power of a court of record pursuant to Okla. Const. art. IX, § 19, and the Commission should therefore be treated as the "functional analogue of a court of record." *Southwestern Bell Tel. Co. v. Oklahoma Corp. Comm'n*, 873 P.2d at 1004. As this is an adjudicatory matter, the Commission erred in failing to give effect to

§ 938 and award attorney fees. This matter is therefore remanded for a determination of an appropriate attorney fee. In all other respects, the decision of the Commission is affirmed.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

STUBBLEFIELD, J., and REIF, J. (sitting by designation), concur.