**Bob SPRAKER, and Pat Spraker, and Dick Spraker, Individually and as Partners, d/b/a Sprakers' Used Cars, Petitioners,**

v.

**The Honorable E. G. CARROLL, Judge of the District Court of Muskogee Co., Oklahoma, Respondent.**

**No. 41964.**

Supreme Court of Oklahoma.

July 19, 1966.

Palmer, Shepherd, Maner & Armstrong, Tulsa, for petitioners.

Covington, Gibbon & Poe, Richard D. Gibbon, John S. Morgan, Tulsa, for respondent.

JACKSON, Vice Chief Justice.

This is an original proceeding in which this court is asked to assume original jurisdiction and issue a writ of prohibition preventing the respondent district judge from exercising further jurisdiction in a damage suit in his court.

Applicants, defendants in the damage suit, are the owners and operators of a used car lot. They argue that under the undisputed facts in this case the sole remedy of their injured employee (Plaintiff in the damage

suit) lies in a proceeding against themselves and their insurance carrier in the State Industrial Court under the Workmen's Compensation Law. They filed in the district court a Motion to Quash and Plea to the Jurisdiction, and at the hearing on said motion, oral testimony, affidavits and some depositions were introduced in evidence. The respondent judge overruled the motion and plea and applicants then began this original proceeding. A transcript of the hearing, the affidavits and the depositions are now before this court.

The damage suit plaintiff was Richard Hall, an employee of applicants, and he was accidentally burned in a fire which occurred while he was siphoning, or helping to siphon, some gasoline from one of the cars on the lot. The gasoline was to be used in cleaning an automobile.

 In the briefs in this court, applicants cite a line of cases in which this court has held that a garage maintained for the repair of automobiles is a workshop under 85 O.S.1961, Sec. 3(11). City of Tulsa v. State Industrial Commission, Okl., 316 P.2d 612; Gooldy v. Lawson, 155 Okl. 259, 9 P.2d 22. They argue that under the facts in this case, the employment of the injured workman is analogous to that of an employee in a garage where power driven machinery is used.

Respondent district judge, represented in this court by counsel for Hall, cites a line of cases in which this court has held that under the facts presented, employees in filling stations are not covered by the Workmen's Compensation Law. Cross v. Brown, Okl., 363 P.2d 935; Skelly Oil Co. v. Waters, Okl., 348 P.2d 320; Rider v. Bob Hiner Service Station, Okl., 321 P.2d 378. He argues that the facts here involved make the situation more analogous to the "filling station cases" he cites.

We are of the view that the operation conducted here has some of the characteristics ordinarily found in both garages and filling stations. Richard Hall was variously called a "porter", "clean-up-man" and "handyman", and in his work he customari-

ly used electrically driven equipment such as electric buffing machines, hand operated jacks, commercial type vacuum cleaners, a large compresser, and a high pressure steam cleaning device for cleaning motors. In addition various types of cleaning fluids were used which according to Richard Hall, included kerosene and gasoline.

It is agreed that under 85 O.S.1961, Sec. 122, the district court has no jurisdiction of matters which are properly within the purview of the Workmen's Compensation Law.

85 O.S.1961, Sec. 2, provides in part as follows:

"Compensation provided for in this Act shall be payable for injuries sustained by employees engaged in the following hazardous employments, to-wit: * * * mills and workshops where machinery is used * * *."

85 O.S.1961, Sec. 3(11) provides in part as follows:

" 'Workshop' means any premises, yard, plant, room or place where machinery is employed and manual or mechanical labor is exercised by way of trade for gain or otherwise, incidental to the process of * * * repairing * * * cleaning * * * or adapting for sale or otherwise, any article * * *."

We are of the view that under the evidence presented in this case Hall's work was more hazardous than the work usually performed in filling stations, and that his place of employment was a workshop within the meaning of the Workmen's Compensation Law.

Such being true, the respondent district judge does not have jurisdiction of the action for damages now pending in his court.

 Prohibition is the proper remedy where an inferior court assumes to exercise judicial power not granted by law or is attempting to make an excessive and unauthorized application of judicial force, and the exercising of jurisdiction by such court where it has no jurisdiction for the reason that plaintiff's sole remedy is before the State Industrial Court under the Oklahoma

Workmen's Compensation Law, is a case within such rule, and the writ should issue. Creighton v. District Court of Seminole County, Okl., 359 P.2d 581.

Writ granted.