**J. A. ROWAN, Appellant,**

v.

**M. S. ROWAN, Appellee.**

**No. 47115.**

Supreme Court of Oklahoma.

June 4, 1974.

LaMar, Tyron, Sweet, Field & Petty by Larry L. Field, Guymon, for appellant.

Ogden, Ogden, Board & Lee, by Frank M. Ogden, Guymon, for appellee.

BERRY, Justice:

J. A. Rowan and M. S. Rowan brought an action to determine the heirship of Clara M. Rowan, deceased. The petition alleged that at the time of her death Clara M. Rowan was the owner in fee simple of certain described real property and requested the court to quiet plaintiffs' title to said real property. M. S. Rowan independently petitioned the court for an order

compelling his co-plaintiff, J. A. Rowan, to account for income, rents, profits and payments derived from J. A. Rowan's use and occupancy of the described realty. The trial court ordered an accounting. J. A. Rowan, appellant, appeals from that order. M. S. Rowan, appellee, filed a motion to dismiss the appeal on the ground the order from which the appeal is taken is interlocutory.

Appellant asserts as error:

(1) the trial court erred in rulings of law occurring at the trial and the appellant duly excepted to such rulings in due time;

(2) the court erred in overruling the motion for summary judgment filed in behalf of appellant;

(3) the court erred in overruling appellant's objection to the introduction of any evidence;

(4) the court erred in overruling appellant's demurrer to the evidence of M. S. Rowan at the conclusion of such evidence;

(5) the court erred in ordering appellant J. A. Rowan to account to the appellee M. S. Rowan for the reason the evidence submitted and the laws of the State of Oklahoma reflect that M. S. Rowan is not entitled to an accounting and for the further reason that there is fatal defect of parties defendant which issue was at all times raised by appellant J. A. Rowan.

■ The first, second, third and fourth assignments of error are interlocutory, i. e., court rulings excepted to, denial of motion by appellant for summary judgment, overruling of objection to introduction of any evidence, and demurrer to appellee's evidence. The order appealed under the fifth assignment of error is not a final order within the compass of 12 O.S.1971 § 952. An order for accounting is interlocutory. Arthur v. Arthur, Okl., 258 P.2d 1191; Page v. Sherman, Okl., 290 P.2d 132; Tex Baughman Const. Company v. Lynch, Okl., 266 P.2d 461; Dowell v. Dowell, Okl., 316 P.2d 850. Civil Appeals Rule 1.10(a), (13).

■ This kind of interlocutory order is not appealable by right. Civil Appeals Rule 1.60. It may only be appealed if it affects a substantial part of the merits of the controversy and the trial court certifies that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 12 O.S.1971 § 952(b)(3); Civil Appeals Rule 1.50. No such certification was made in this case.

In two cases we have held an order for an accounting to be an appealable order. However, those cases are both distinguishable from the present case.

In Hardesty v. Naharkey, 88 Okl. 253, 213 P. 89, the trial court found plaintiff was the owner of ¾th interest in certain lands and was entitled to recover from defendants for use of the land. The trial court entered judgment that plaintiff was entitled to recover specific sums from certain defendants as a result of their use of the land for agricultural purposes. The judgment also required defendants to account to plaintiff for rents received by defendants from oil and gas mining leases executed by defendants and referred the accounting to a referee. There this Court denied a motion to dismiss the appeal.

The case is distinguishable because the judgment specified the relief granted for use of the surface and did not postpone operation of that part of the judgment until after action was taken on the accounting for oil and gas rentals. Here the trial court's order merely found plaintiff was entitled to an accounting.

In Warren v. Howell, 204 Okl. 674, 232 P.2d 934, plaintiff alleged a partnership with defendants and sought an accounting. Defendants appealed from the trial court's order finding that a partnership existed and directing an accounting. Plaintiff filed a motion to dismiss on the ground the order was not a final order and hence not appealable. This Court held the order was not a final order but was appealable under 12 O.S.1941 § 952(3) which provided this

Court had appellate jurisdiction over "An order that involves the merits of the action, or some part thereof."

Section 952(3) has subsequently been amended and § 952(b)(3) now allows an interlocutory order which affects a substantial part of the merits of the controversy to be appealed only when the trial court certifies that an immediate appeal may materially advance the ultimate termination of the litigation.

Appeal dismissed.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, LAVENDER, BARNES, SIMMS, DOOLIN, JJ., concur.

HODGES, J., dissents.