2010 OK 75

**PONCA IRON & METAL, INC., Own Risk # 11794, Petitioner/Appellant,**

v.

**Jackie WILKINSON and The Workers' Compensation Court, Respondents/Appellees.**

**No. 106,164.**

Supreme Court of Oklahoma.

Oct. 19, 2010.

R. Dean Lott, Larry C. Brawner, Brawner Law Office, Oklahoma City, OK, for Petitioner/Appellant.

James G. Devinney, Ponca City, OK, for Respondents/Appellees.

HARGRAVE, J.

¶ 1 Petitioner/Appellant, Ponca Iron & Metal, Inc., (Employer) seeks review of an order of the Workers' Compensation Court and subsequent sustainment of this order by the Oklahoma Court of Civil Appeals, Division I, awarding Respondent, Jackie Wilkinson (Claimant), temporary total disability (TTD) benefits and medical care, and denying Employer's statute of limitation defense. The opinion of the Court of Civil appeals is vacated.

¶ 2 Claimant's job duties with Employer dealt with computer keyboard use and filing. Her employment was terminated on December 18, 2005. Employer denied receiving proper notice of the claim, and that the injury arose out of or in the course of Claimant's employment. In addition, Employer asserted Claimant's claim was barred for failure to file the claim within the six-month statutory time period set forth at 85 O.S. Supp.2005 § 43(A).

¶ 3 The trial court found Claimant sustained a work-related injury to her left and right hands, and left arm arising out of and in the course of her employment with Employer. The court further found Claimant was entitled to medical treatment and temporary total disability (TTD) benefits beginning August 13, 2006, and continuing for a period of time not to exceed fifty-two (52) weeks. Employer appealed the order to a three-judge panel of the Workers' Compensation Court (Panel) which affirmed the trial court's order, with one modification to the interest rate. Employer then sought review by the appellate court. The Court of Civil Appeals, Division II, in an unpublished opinion in Case No. 104,690, *Ponca Iron & Metal, Own Risk v. Wilkinson & the Workers' Compensation Court,* reversed and remanded the case to the trial court with instructions to address the statute-of-limitations defense. On remand, the trial court denied Employer's statute-of-limitations defense holding this section "unreasonably singles out employees who have been terminated and have sustained cumulative trauma injuries. The law is in direct conflict with the general two year statute of limitations for cumulative trauma injuries and arbitrarily puts an unfair burden on these claimants."

■ ¶ 4 On appeal, the Court of Civil Appeals, Division I, found the statutory language to be ambiguous, and that when an ambiguity exists as to legislative intent, the appellate courts invoke the construction which is most reasonable, citing *LeFlore v. Reflections of Tulsa, Inc.,* 1985 OK 72 ¶ 28, 708 P.2d 1068, 1075. The Court of Civil Appeals opined that the phrase "termination of employment" might apply to voluntary termination, as well as involuntary termination, and all people leaving employment would be subject to a shortened limitations period. Next, the Court of Civil Appeals found that the legislature enacted this language to curtail retaliatory workers' compensation claims filed by terminated employees and that it applied only to injuries sustained after employment was terminated. The claimant also argued that the last sentence of 85 O.S. Supp.2005 § 43(A) is a special law prohibited by the Oklahoma Constitution, Art. 5, § 46. The Court of Civil Appeals declined to address this argument, holding that its opinion is based on the ambiguity of the statute.

¶ 5 The statute in question in the instant matter, 85 O.S. Supp.2005 § 43(A) provides:

The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within two (2) years of the last medical treatment which was authorized by the employer or the insurance carrier or payment of any compensation or remuneration paid in lieu of compensation. Provided further however, with respect to disease or injury caused by repeated trauma causally connected with employment, a claim may be filed within two (2) years of the date of last trauma or hazardous exposure. Provided, further however, in the case of asbestosis, silicosis or exposure to nuclear radiation causally connected with employment, a claim may be filed within two (2) years of the date of last hazardous exposure or within two (2) years from the date said condition first becomes manifest by a symptom or condition from which one learned in medicine could, with reasonable accuracy, diagnose such specific condition, whichever last occurs. The filing of any form or report by the employer or insurance carrier shall not toll the above limitations. *Post-termination injury claims shall be filed within six (6) months of termination of employment, provided that nothing herein shall extend any limitation period set forth in this section.* (Emphasis added)

The Court of Civil Appeals was correct when they opined that the legislature enacted this language to curtail retaliatory workers' compensation claims filed by terminated employees. However, the amendment was not expressly targeted to employees who are involuntarily terminated, or to employees who had not reported injuries prior to the termination of their employment. The amendment is not restricted in this regard and applies to employees who have voluntarily terminated their employment for good reasons such as new job or retirement. Such employees have no reason or motive to file retaliatory claims.

■ ¶ 6 The Legislature runs afoul of the prohibition on enacting special laws set forth in Oklahoma Const. Art. 5 § 46 when it adopts a classification that is arbitrary and capricious and bears no reasonable relationship to the object of the Legislation. "[S]pecial laws are all those that rest on a false or deficient classification [and] create preference and establish inequality." *Barrett v. Board of County Comm'rs of Tulsa County,* 1939 OK 68, ¶ 0 (syllabus 3) and ¶ 7, 185 Okla. 111, 90 P.2d 442, 443 and 446.

We have previously stated that:

The terms of art. 5, § 46 command that court procedure be symmetrical and apply equally across the board for an entire class of similarly situated persons or things. *In a special laws attack under art. 5, § 46, the only issue to be resolved is whether a statute upon a subject enumerated in the constitutional provision targets for different treatment less than an entire class of similarly situated persons or things.* The test is whether the provision fits into the structured regime of established procedure as part of a symmetrical whole. If an enactment injects asymmetry, the § 46 interdiction of special law has been offended.

*Zeier v. Zimmer, Inc.,* 2006 OK 98, ¶ 13, 152 P.3d 861, 868. In *Loyal Order of the Moose, Lodge 1785 v. Cavaness,* 1977 OK 70, ¶ 16, 563 P.2d 143, 147, we recognized that the Legislature has a wide latitude to create statutory classifications, but they must be reasonable.

■ ¶ 7 In the present matter, the amendment in question brings § 43 squarely within the special law prohibition of Art. 5, § 46. The classification of injured employees on the basis of continued versus terminated employment is a false and deficient classification of the larger class of injured employees because it creates preference for members in the continued employment group and results in unequal treatment for certain members of the terminated group that bear no reasonable relationship to curtailing retaliatory claims or preventing stale claims. Hence, we find the action of the Legislature to be unreasonable in their creation of this particular statutory classification. We hold the 2005

amendment to § 43(A) adding the six-month statutory limitations period is unconstitutional.

**CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; WORKERS' COMPENSATION COURT ORDER SUSTAINED.**

¶ 8 CONCUR: EDMONDSON, C.J., HARGRAVE, KAUGER, WATT, COLBERT, REIF, JJ.

¶ 9 DISSENT: TAYLOR, V.C.J., WINCHESTER, J.