2016 OK 107

**Patricia Bowers EDWARDS, individually and as guardian of Robert Drew Bowers, Petitioner,**

v.

**Don ANDREWS, District Judge, Respondent.**

**Case Number: 115226**

Supreme Court of Oklahoma.

Decided: 10/11/2016

## MEMORANDUM OPINION

COLBERT, J.

¶1 Guardian of her disabled adult son petitions this Court to assume original jurisdiction and issue a writ prohibiting the trial court from exercising jurisdiction over the claims of two discharged domestic workers. Original jurisdiction is assumed. Let the Writ of Prohibition issue, directing Respondent Judge, or any other judge to whom case No. CJ-2014-2718 is assigned, to (1) vacate the Journal Entry of July 26, 2016, and (2) dismiss the case.

¶2 Drew Bowers (Ward) sustained a traumatic brain injury in 1981. As a result of the injury, he requires 24-hour care. His mother, Patricia Bowers Edwards (Guardian) was appointed guardian of her son's person and property in 2004. Guardian hires approximately ten caretakers for Ward in his private residence.

¶3 Two of the ten caretakers contracted to provide services for Ward were domestic workers, Deborah Sizemore and Brad Garrett. Sizemore was hired May, 2010 and Garrett was hired January, 2012. They were hired and classified as domestic caretakers. The caretakers' duties include driving Ward to various appointments and outings, helping him with hygiene and dressing, serving his meals, light cleaning, helping him to bed, and accompanying him on outings and trips.

¶4 In April, 2013, Sizemore filed a "charge of discrimination" pursuant to the Oklahoma Anti-Discrimination Act, Okla. Stat. tit.25, 1101—2005 (2011 & Supp. 2014), with the Attorney General's Office of Civil Rights Enforcement, claiming that her hours were dramatically reduced when she told the guardian she suffered a disability: narcolepsy, a "condition characterized by sudden and uncontrollable attacks of deep sleep." American Heritage Dictionary, 830 (2nd ed.). Sizemore also claimed that she was sexually harassed at work by a male co-worker. She identified

co-worker Garrett as a supporting witness in her complaint. The Guardian terminated the employment of both Sizemore and Garrett when she received the the complaint from the Attorney General. The Guardian admits she discharged Sizemore and Garrett from employment because the complaint was "the straw that broke the camel's back." The Attorney General filed a Petition to Enforce the Oklahoma Discrimination Act in the District Court of Oklahoma County in May, 2014, on behalf of Sizemore and Garrett who then intervened in the Attorney General's lawsuit.[1]

¶ 5 The suit is based solely on the "Other Discriminatory Practices" of section 1601 set forth in Article VI of the Act. Section 1601(1) makes it a discriminatory practice to "retaliate or discriminate against a person because he has opposed a discriminatory practice, or because he has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this act." Article VI provides no remedy for retaliation. Instead, the Attorney General sought back pay, liquidated damages, reinstatement of front pay in lieu of reinstatement, attorney fees and costs, pursuant to section 1350, Article III, Discrimination in Employment. Article III defines "employer" and "employee" and provides the remedies for employment discrimination.

¶ 6 Guardian moved for summary judgment arguing that Ward was the actual employer and that under section 1301 of the Act a natural person does not meet the definition of "employer."[2] Guardian further argued that under section 1302(B) of the Act the prohibition of discriminatory practices does not apply to . . . employment in the domestic service of the employer." The trial court denied Guardian's motion for summary judgment and Guardian brought this original action asserting immunity under the Act.

¶ 7 As a preliminary matter, this Court will generally "not review a trial court order which overrules a motion for summary judgment." Rowan v. Rowan, 1974 OK 66,

523 P.2d 1068. However, an exception to that rule is found in McLin v. Trimble, 1990 OK 74, ¶ 17, 795 P.2d 1035, which held that a "state trial court decision concerning qualified immunity may be reviewed by an original action in this court." Therefore, Guardian is entitled to have this Court determine in advance of trial whether she is immune from workers' claims.

¶ 8 This action falls within the McLin exception because Guardian is immune from suit for charges of discriminatory practices in employment by domestic workers under section 1302(B). Further, pursuant to section 1301(1)(a), a "person" or "individual" is excluded from the definition of "employer" and is not subject to suit by an "employee." Therefore, Guardian is not subject to any action for discriminatory practices in employment.

¶ 9 The remaining question concerns the "other" discriminatory practice of retaliation prohibited by section 1601(1). That provision neither defines retaliation, nor does it provide any remedy to compensate an employee who suffers retaliation at the hands of an employer. The only remedies provided in an individual action for employment discrimination are provided by Article III at section 1350. Therefore, the Oklahoma Legislature has prohibited retaliation but has not supplied any monetary remedy for an employee. It appears that the prohibitions in Article VI was intended to apply to discriminatory practices other than employment discrimination such as public accommodations (Article IV), housing (Article IVA), and human rights (Article V). Thus, the trial court erred by not dismissing the action.

CONCUR: REIF, C.J., COMBS, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, TAYLOR, COLBERT, JJ.

RECUSED: GURICH, J.

---

1. The Attorney General dismissed its claims of employment discrimination practices with prejudice, pursuant to a settlement agreement with mother.

2. Section 1301(1)(a) defines "employer" as "a legal entity, institution or organization that pays one or more individuals a salary or wages for work performance" and that a "natural person" is excluded from the definition of "employer."