OSCN Found Document:AMERICAS CAR MART v. THE HONORABLE DAMON CANTRELL

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 AMERICAS CAR MART v. THE HONORABLE DAMON CANTRELL
2025 OK 73
Case Number: 122581
Decided: 10/14/2025
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 73, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

AMERICA'S CAR MART, INC., a foreign corporation, Petitioner,
v.
THE HONORABLE DAMON CANTRELL, Judge of the District Court for Tulsa County, State of Oklahoma, Respondent.

OPINION

¶0 The real parties in interest, the Naquins, sued Petitioner, America's Car Mart, Inc. (ACM), concerning enforcement of a vehicle service warranty contract. Petitioner moved for partial summary judgment. Both parties agreed that, if constitutional, Title 15, Section 141.24(B) of the Service Warranty Act would govern the dispute. Respondent, Judge Cantrell, ruled that the statute constituted an unconstitutional special law and denied Petitioner's motion. We disagree with that ruling and issue a writ of prohibition to prevent Respondent from enforcing it.

WRIT OF PROHIBITION GRANTED
CASE REMANDED TO TRIAL COURT

Andrew A. Shank, William C. Searcy, Eller and Detrich, P.C., Tulsa, Oklahoma for America's Car Mart, Inc.

Kris Ted Ledford, Ledford Law Firm, Owasso, Oklahoma, for Real Parties in Interest Linda and Jerimee Naquin

KUEHN, V.C.J.:

¶1 Can a vehicle service warranty be considered an insurance contract that supports a tort action for breach of the duty of good faith and fair dealing? In the 2014 Service Warranty Act, the Legislature answered that question in the negative. See 15 O.S. §§ 141.1

¶2 The real parties in interest, the Naquins, purchased a used 2012 Dodge Durango SUV from ACM, along with a separate vehicle service contract. The Naquins allege that over the following year, they brought the SUV to ACM numerous times for repairs; that ACM charged them the deductible under the service contract; that ACM prevented them from communicating directly with the repair shop; that ACM failed to make the necessary repairs; and that ACM falsely represented that the vehicle had been fixed. In December 2022, the Naquins sued ACM for breach of contract, breach of warranty, and breach of the duty of good faith and fair dealing. ACM moved for partial summary judgment, arguing that Title 15, Section 141.24(B) expressly prohibits a bad faith tort claim arising from a service warranty. After briefing and argument, Respondent denied the motion, finding that the statute was an unconstitutional special law. ACM then filed this writ. 

Standard of Review

¶3 ACM seeks a writ of prohibition and a writ of mandamus. For a writ of prohibition, ACM must show Respondent has exercised judicial power unauthorized by law, and that unlawful exercise of power will result in injury for which there is no other adequate remedy. Maree v. Neuwirth, 2016 OK 62374 P.3d 750Id.

A Vehicle Service Warranty is not an Insurance Contract

¶4 Prior to 2012, vehicle service warranty contracts were governed by the Oklahoma Insurance Code, Title 36, Section 101 et seq. Under that Code, insurance contracts may support tort actions for breach of the duty of good faith and fair dealing. The Code, however, did not specifically reference vehicle service warranties. In McMullan v. Enterprise Financial Group, Inc., we examined whether vehicle service warranty agreements qualified as insurance contracts for purposes of the Insurance Code. We observed that public policy considerations supported the view that traditional insurers might warrant more extensive regulation than service warranty companies, which were not subject to the same risks. McMullan v. Enterprise Fin. Grp., Inc., 2011 OK 7247 P.3d 1173Id. at ¶¶ 14--16, 247 P.3d at 1178--79.

¶5 We held in McMullan that the extent of regulation alone did not define either an insurance company or an insurance contract. Id. at ¶ 10, 247 P.3d at 1178. Regardless of their label, we found that vehicle service warranty contracts functioned like insurance policies in that they protected consumers from bearing the cost of certain vehicle-related expenses. Id. at ¶ 13, 247 P.3d at 1178. Because the Legislature had not enacted a specific provision excluding such contracts from the Insurance Code, we concluded that vehicle service warranty contracts were subject to the same duty of good faith and could support a tort claim for a breach of that duty. Id. at ¶ 19, 247 P.3d at 1180.

¶6 While this Court interprets statutes, it remains the Legislature's prerogative to amend them. In 2012, in direct response to McMullan, the Legislature enacted the Service Warranty Act to establish a new regulatory framework for vehicle service warranty contracts. 15 O.S. Supp. 2012, §§ 141.115 O.S. Supp. 2012, § 141.215 O.S. Supp. 2012, § 141.215 O.S. Supp. 2012, § 141.2 

¶7 However, the Legislature ensured that the bar on tort claims for breach of the duty of good faith and fair dealing applied broadly and includes those high-asset companies. The Act states:

A service warranty and those contracts specified in subparagraphs a through e of paragraph 17 of Section 141.2 of this title shall not be deemed to create a special relationship between the parties which would give rise to an action in tort to recover for breach of the duty of good faith and fair dealing. This section shall not be construed to preclude a breach of contract action for failure of the parties to comply with the implied duty of good faith and fair dealing in carrying out their obligations as set forth in the service warranty.

15 O.S. Supp. 2012, § 141.2McMullan has been abrogated by statute. issued by companies with over $100 million in assets. The parties do not dispute that Section 141.24(B) governs the contract at issue. ACM was therefore correct in asserting that, under Section 141.24(B), the Naquins cannot pursue a tort claim for breach of the duty of good faith and fair dealing.

Section 141.24(B) is Not an Unconstitutional Special Law

¶8 The Naquins do not claim that the Service Warranty Act as a whole is unconstitutional. They argued below, and maintain on appeal, that Section 141.24(B) cannot bar their suit because it is a special law. It is not.

¶9 The Oklahoma Constitution prohibits special laws which, among other things, limit civil actions, or which regulate the practice or jurisdiction of the courts, or change the rules of evidence in court proceedings. Okla. Const. art. 5, § 46. General laws include all persons or things of a class. Reynolds v. Porter, 1988 OK 88760 P.2d 816Beason v. I.E. Miller Services, Inc., 2019 OK 28441 P.3d 1107Zeier v. Zimmer, Inc., 2006 OK 98152 P.3d 861Zeier, ¶ 13, 152 P.3d at 867.

¶10 Section 141.24(B) does not create an impermissible classification under the constitutional test for special laws. The class of contracts covered by Section 141.24(B) includes all agreements that are issued as, resemble, or function as service warranties under the Service Warranty Act. The Act first provides that service warranties are not insurance and are not subject to the Insurance Code. While Section 141.2(17)(e) excludes from the statutory definition of service warranties those contracts issued by companies with significant assets--contracts that would otherwise fall within the general scope of the Act--Section 141.24(B) nevertheless applies uniformly. It expressly removes the cause of action for breach of the duty of good faith and fair dealing for all such warranties, including those excluded under Section 141.2(17)(e).

¶11 The statute is not a special law because it applies generally to every service warranty. As ACM correctly points out, the Legislature could have instead permitted a tort action for breach of the duty of good faith and fair dealing only against companies with the significant assets described in Section 141.2(17)(e). However, doing so would have singled out those particular companies' warranties for special treatment--the very definition of a special law. The Legislature declined that approach, choosing instead to treat all service warranty agreements alike. In doing so, it did not carve out a favored or disfavored subset within the class. Section 141.24(B) therefore applies uniformly to a broad and inclusive class and does not violate the constitutional prohibition against special laws.

¶12 The Naquins contend that the relevant class is all persons who have insurance. But that framing ignores both the plain language and legislative purpose of the Service Warranty Act. In McMullan, this Court was faced with a statutory gap--there was no law specifically governing vehicle service warranty contracts. In the absence of legislative direction, the Court applied existing insurance principles and concluded that such contracts could be treated like insurance, including the duty of good faith and fair dealing. The Legislature responded directly to McMullan by enacting the Service Warranty Act, which expressly declared that vehicle service warranty contracts are not insurance and are not governed by the Insurance Code. In doing so, the Legislature replaced a judicially created rule with a clear statutory policy. The Naquins define the class as "all insurance holders" and complain that service warranties are treated differently within that broad designation. Yet the Legislature has the authority to create distinct legal categories. Defining service warranties separately from insurance does not make the Act unconstitutional--it reflects a deliberate policy choice in response to McMullan.

Conclusion

¶13 McMullan v. Enterprise Financial Group, Inc. has been abrogated by statute. Title 15, Section 141.24(B) of the Service Warranty Act is not a special law. Section 141.24(B) applies to the vehicle service warranty contract in this case. We grant the writ of prohibition, precluding the trial court from enforcing its Order of June 5, 2024 denying ACM's Motion for Partial Summary Judgment. We remand for further proceedings consistent with this Opinion.

WRIT OF PROHIBITION GRANTED
CASE REMANDED TO TRIAL COURT

CONCUR: Rowe, C.J., Kuehn, V.C.J., and Winchester, Edmondson, Darby and Jett, JJ.

DISSENT: Combs, J. (by separate writing), and Gurich, J.

RECUSED: Kane, J.

FOOTNOTES

12 O.S. § 952

McMullan in Sparks v. Old Republic Home Protection Co., Inc., 2020 OK 42467 P.3d 680Sparks, we held that a home service warranty was a warranty--not a service contract--and therefore not subject to the Home Service Contract Act. Sparks, 2020 OK 42McMullan in discussing the general purposes and characteristics of insurance versus service contracts. However, Sparks expressed no opinion on the validity of the Service Warranty Act or whether McMullan remained binding precedent, as the Naquins now claim.

 

 

COMBS, J., with whom GURICH, J., joins, dissenting:

¶1 I dissent from the majority's assumption of original jurisdiction and issuance of a writ of prohibition based on their finding that section 141.24(B) of Oklahoma's Service Warranty Act is not an unconstitutional special law. The Respondent district judge made the correct decision in this case, finding that section 141.24(B) is an unconstitutional special law. Thus, there is no basis for us to interfere in the case through the issuance of an extraordinary writ.

¶2 Section 141.24(B) is an unconstitutional special law that treats a subset of insurers like America's Car Mart, Inc. differently from all other insurers by exempting them from tort claims for breach of the duty of good faith and fair dealing--claims that would ordinarily expose an insurer to punitive damages that aren't available under a contract claim for breach of the duty of good faith and fair dealing, see 23 O.S.2021, § 9.1not arising from contract" (emphasis added)). To clarify why America's Car Mart, Inc. is an insurer, we need a little more historical context than what the majority opinion sets forth, because the majority opinion implies there were no statutes governing vehicle service warranty contracts prior to 2012 and that this Court approached the question in the McMullan case without any guidance or limitations on our legal interpretation from the Legislature. See Majority Op. ¶ 4.

¶3 As early as 1993, the Legislature had enacted the Service Warranty Insurance Act--codified in sections 6601 to 6639 of Oklahoma's Insurance Code as contained in Title 36 of the Oklahoma Statutes--to govern service warranty contracts generally, including vehicle service warranty contracts. See 36 O.S.2011, §§ 6601Insurance Act was "[a]n Act relating to insurance." Ch. 108, 1993 Okla. Sess. Laws 269, 269.

¶4 In the appeal of McMullan v. Enterprise Financial Group, Inc., 2011 OK 7247 P.3d 1173McMullan, we observed that, under the statute defining "insurer," see 36 O.S.2001, § 103id. § 103(C), but that "[s]ervice warranty providers, such as Enterprise, are not mentioned at all." McMullan, 2011 OK 7McMullan court ultimately decided that vehicle service warranty contracts were insurance contracts that could support a tort claim for a breach of the duty of good faith "because the Legislature had not enacted a specific provision excluding such contracts from the Insurance Code." Majority Op. ¶ 5 (citing McMullan, 2011 OK 7

¶5 Thereafter, lobbyists with the service contract industry got legislators and the Oklahoma Department of Insurance to support bills that would specify service warranty contracts are not insurance, 15 O.S.2021, § 141.2McMullan, such contracts that this Court classified as insurance contracts have not been otherwise reclassified by the Legislature. Because they are not "service warranties" under section 141.2(17)(e), the provision in section 141.2(17)(f) stating that "service warranties are not insurance in this state" does not apply to such contracts. They are specifically not "service warranties," meaning they are still "insurance in this state" under both McMullan and section 141.2(17)(f) of the Service Warranty Act. Because it is undisputed that America's Car Mart, Inc. has more than $100 million in assets, 

¶6 But then section 141.24(B) of the Service Warranty Act purports to make "service warranties" and the excluded insurance contracts not susceptible to bad faith claims. This is where section 141.24(B) becomes an unconstitutional special law. Article V, Section 46 of the Oklahoma Constitution provides that the Legislature shall not pass special laws affecting certain subjects. It enacts a "mandatory prohibition against special laws." Zeier v. Zimmer, 2006 OK 98152 P.3d 861Reynolds v. Porter, 1988 OK 88760 P.2d 816Ponca Iron & Metal v. Wilkinson, 2010 OK 75242 P.3d 534Zeier, 2006 OK 98Christian v. American Home Assurance Co., 1977 OK 141577 P.2d 899

¶7 Perhaps more importantly, however, I dissent from the majority's assumption of original jurisdiction and issuance of a writ of prohibition to the lower court insofar as it is intended to prevent the enforcement of a partial summary adjudication regarding only one of several claims against the defendant Petitioner. "As a preliminary matter, this Court will generally 'not review a trial court order which overrules a motion for summary judgment.'" Edwards v. Andrews, 2016 OK 107382 P.3d 1045Rowan v. Rowan, 1974 OK 66523 P.2d 1068See Edwards, 2016 OK 107McLin v. Trimble, 1990 OK 74795 P.2d 1035Powell v. Seay, 1976 OK 22553 P.2d 161Hill v. Graham, 1967 OK 10424 P.2d 35per se) will be allowed to proceed in the district court, even after the majority's issuance of a writ of prohibition.

¶8 Moreover, never before has this Court issued a writ of prohibition to prevent part of a lawsuit from going forward. Ordinarily, this Court will only issue a writ of prohibition if an inferior tribunal has exercised (or is about to exercise) judicial power unauthorized by law that will result in injury for which there is no adequate remedy at law. Cannon v. Lane, 1993 OK 40867 P.2d 1235James v. Rogers, 1987 OK 20734 P.2d 1298and when the lawsuit involved several other causes of action (e.g., breach of contract, breach of warranty, violation of the Oklahoma Consumer Protection Act, and negligence per se) over which the district court indisputably had jurisdiction. When this Court has issued a writ of prohibition to prevent enforcement of an order denying summary judgment or a motion to dismiss, it has always been to arrest and prevent all further proceedings in the case below. See, e.g., Edwards, 2016 OK 107McLin exception because Guardian is immune from suit for charges of discriminatory practices in employment by domestic workers under section 1302(B). Further, pursuant to section 1301(1)(a), a 'person' or 'individual' is excluded from the definition of 'employer' and is not subject to suit by an 'employee.' Therefore, Guardian is not subject to any action for discriminatory practices in employment." (emphasis added)); McLin, 1990 OK 74Cont'l Tel. Co. of Okla., Inc. v. Hunter, 1979 OK 14590 P.2d 667Spraker v. Carroll, 1966 OK 142416 P.2d 946plaintiff's sole remedy is before the State Industrial Court under the Oklahoma Workmen's Compensation Law, is a case within such rule, and the writ should issue." (emphasis added)); Hampton v. Clendinning, 1966 OK 51416 P.2d 617no cause of action based upon tort can be maintained by a parent against an unemancipated minor child. . . . The trial court's action in overruling defendant's motion to dismiss as to such minor constituted an assumption of judicial power not granted by law. . . . The application for this Court to assume original jurisdiction is granted, and writ of prohibition accordingly is granted as prayed for by Petitioner, prohibiting further proceedings against defendant, William B. Hinkle." (emphasis added)); Gordon v. Followell, 1964 OK 74391 P.2d 242Bd. of Comm'rs of Harmon Cty. v. Keen, 1944 OK 243153 P.2d 483no cause of action exists or can be stated. . . . A writ of prohibition is accordingly issued permanently restraining the respondent district judge and the district court of Harmon County from proceeding further in said cause." (emphasis added)); State ex rel. Cavett v. Douglass, 1940 OK 263102 P.2d 856State ex rel. Morrell v. Worten, 1932 OK 74417 P.2d 424

¶9 Finally, America's Car Mart, Inc. has an adequate remedy at law insofar as it can file an appeal when judgment is eventually entered. It appears Petitioner was first inclined to seek certification of the district court's denial of partial summary adjudication pursuant to 12 O.S.2024, § 952See Pet. in Error 1 & Ex. A, Naquin v. America's Car Mart, Inc., No. 122,304 (Okla. filed July 1, 2024). But after this Court informed Petitioner that appeals from interlocutory orders require the filing of a petition for certiorari to review a certified interlocutory order, which this Court has discretion to deny, Petitioner realized that an interlocutory appeal would get nowhere because Oklahoma Supreme Court Rule 1.50 provides that "[n]o certified interlocutory order shall be considered if taken from an order overruling a motion for summary judgment." Okla. Sup. Ct. R. 1.50, 12 O.S.2024, ch. 15, app. 1. As I see it, the lack of an interlocutory appeal does not demonstrate lack of an adequate remedy at law, but rather why interlocutory review of the order by either appeal or writ is inappropriate. It is the reason "this Court will generally 'not review a trial court order which overrules a motion for summary judgment.'" Edwards, 2016 OK 107Rowan, 1974 OK 66523 P.2d 1068

¶10 For the foregoing reasons, I dissent. I would deny Petitioner's application to assume original jurisdiction.

FOOTNOTES

McMullan opinion, but also by industry news reports. See, e.g., Oklahoma Bill Clears Service Contract Providers of Insurance Laws, F&I Magazine, June 26, 2012, https://www.fi-magazine.com/ 352623/oklahoma-bill-clears-service-contract-providers-of-insurance-laws. In the cited digital article from a magazine serving the finance and insurance professionals at new car and truck dealerships, the assistant executive director of the Service Contract Industry Council (SCIC) is quoted as saying, "When the service contract model law was put in place, it didn't include a paragraph making it clear that service contracts are not insurance. . . . Most service contract laws will have a paragraph or two that this is not insurance and should not be viewed as such. . . . We brought this to the attention of the industry once we saw the opinion from the [Oklahoma] Supreme Court." Id. This realization became key when the SCIC reached out to the Oklahoma Legislature to amend the law, as discussed infra note 2.

Oklahoma Bill Clears Service Contract Providers of Insurance Laws, supra note 1 ("Spearheaded by the Service Contract Industry Council (SCIC), SB 1475 was signed into law on April 25, 2012, more than a year after a state Supreme Court ruled that service contracts met the definition of insurance. . . . We brought this to the attention of the industry once we saw the opinion from the Supreme Court. . . . The [Oklahoma Department of Insurance] was supportive of the bill." (alteration in original)).

See Oklahoma Home Service Contract Act, ch. 224, § 2(A), 2011 Okla. Sess. 849, 850 (codified at 36 O.S.2011, § 675115 O.S.Supp.2012, §§ 141.2

See Am.'s Car Mart, Inc.'s AAOJ & Pet. for Writ of Prohibition & Mandamus ¶ 10 n.4, at 7--8, Oct. 11, 2024 (admitting that "the ACM Service Contract at issue falls under the Act's definition of the five contract exemptions or exceptions" and that "[t]his definition" in section 141.2(17)(e) "applies to ACM"); Real Party in Interest Linda Naquin & Jerimee Naquin's Resp. to AAOJ & Pet. for Writ of Prohibition & Mandamus 6, Oct. 31, 2024 ("First, ACM is not subject to the provisions of the Service Warranty Act because its net assets exceed $100,000,000.00 . . . .").

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105